# Climax Lumber Company. *et al.* *v.* Bay City Mach. Wks.

*Bill to Enforce Mechanic's or Material-man's Lien.*

(Decided Nov. 18, 1909.　50 South. 935.)

1. *Appeal and Error; Objections; Exceptions; Presentation Below.* —Where no exceptions are saved to refusal to sustain objection to questions propounded on special interrogatories, such objections cannot be considered on appeal.

2. *Same; Assignment; Sufficiency.*—An assignment of error setting up error in not sustaining objection to depositions of the various witnesses shown in the record at enumerated pages thereof, is too general to be considered on appeal.

3. *Liens; Priority; Mortgages.*—Where the increased value of the property on account of the work done and materials furnished by complainant exceeded the amount due complainant, complaint's lien therefor was to that extent prior to a mortgage executed before the lien was created.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by the Bay City Machine Works against the Climax Lumber Company and others, to enforce a mechanic's or material-man's lien. Decree for complainants and respondent appeals. Affirmed.

McINTOSH & RICH, for appellant.—Counsel discuss objections to testimony and insist that the court erred, but in virtue of what is said in the opinion, it is deemed unnecessary to here set it out. They further insist that the court erred in the decree rendered, and cite in support thereof.—*Tyler v. Jewett,* 82 Ala. 93; *Water Co. v. Addison & Co.,* 89 Ala. 552; *Cook v. Rome B. & T. Co.,* 98 Ala. 409.

INGE & McCORVEY, for appellee.—The 2nd assignment is too general to be considered.—*Benford v. De-*

*ment,* 72 Ala. 491.   Besides, it is a collective assign-
ment, and must show error in each instance to be avail-
able.—*Ashford v. Ashford,* 136 Ala. 633; *M. J. & K. C.
R. R. Co., v. Bromberg,* 141 Ala. 258.   The court did
not err in the decree rendered.—*Wimberly v. Mayberry,*
94 Ala. 240; *Welch v. Porter,* 63 Ala. 233; *C. & C. G.
Co. v. Kling,* 121 Ala. 292.

McCLELLAN, J.—Bill by appellee to enforce me-
chanic and materialman's lien.   There are two assign-
ments of error only.   They are: "First.   The court be-
low erred in the rendition of its final decree."   "Second.
The court below erred in not sustaining the objections
made to the depositions of the various witnesses shown
in the record at pages 22 to 73, and at pages 81 to
83."

Two reasons forbid the consideration of the matters
attempted to be suggested for review by the second as-
signment.   In the first place, in chancery practice ob-
jections to questions propounded in an examination on
interrogatories do not, alone, invoke rulings by the
chancellor.   It is the office of exceptions to so effect
that purpose.—*Binford v. Dement,* 72 Ala. 491.   That
course does not appear to have been observed by appel-
lant in the court below.   In the second place, the as-
signment itself is entirely too general.   Its extreme
generality is indicated by the volume of paging noted
in it.—*Williams v. Coosa Co.,* 138 Ala. 673, 33 South.
1015.   The review, then, is limited to the propriety of
the decree on the evidence presented by the parties and
its freedom from prejudicial error in enforcing fea-
tures.

The evidence is voluminous, and a discussion of it
will not be attempted, inasmuch as a full treatment is
impracticable.   A careful consideration of all the evi-
dence does not convince that the chancellor erred in

any of the findings essential to the ascertainment and enforcement of the lien asserted by complainant. There was abundant evidence to justify the conclusion that the materials furnished and mechanical work done were so afforded with the letter of the mechanic and materialman statutes.—Code 1907, § 4754 et seq. Our conclusion, as stated, does not omit consideration of the fact that the evidence was not in harmony. Notwithstanding the conflicts and adverse inferences, the decree, in this particular, cannot be pronounced erroneous.

The only objection urged in brief to the correctness of the decree is that the entire property was adjudged subject to the lien, and this when a mortgage on the property condemned was outstanding at the time the lien in question was created. Where a prior mortgage is on the property at the time the lien is created, *Wimberly v. Mayberry*, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305, rendered previous to readoption of the statute involved in the Codes of 1896 and 1907, announces the law applicable to the relative rights and authorities of the lienor and mortgagee and directs the practice in such cases. A reiteration of the holding in *Wimberly v. Mayberry* is unnecessary.

The chancellor here ascertained, and the decree so recites, that the increased value of the property as the result of the materials furnished and the work done by complainant exceeded the amount due complainant. That being true, it is obvious that, under the cited authority, the lien was prior in right to that extent, to the encumbrance of the mortgage.

There is no error assigned and urged here. The decree must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.