# Jefferson County Savings Bank *v.* Ben F. Barbour P. & E. Co.

*Bill to Settle Priority of Liens, and to Enforce Same.*

(Decided February 4, 1915. 68 South. 43.)

1. *Mechanics' Lien; Extent; Repairs.*—Under our statutes, a mechanics' lien for inseparable repairs cannot be enforced as against the entire real estate and improvement, as superior to the lien, interest or title of an intervening purchaser under mortgage foreclosure of the owner's right, to the extent of the contract price or value of the work done, and materials furnished, but to the extent only that such blended repairs increased the value of the property as a whole.

2. *Same; Subsequent Owners; Bill.*—A court of law is without jurisdiction to render a judgment creating a lien against property acquired by a purchaser at foreclosure sale against the owner to the extent of the increase in value because of the labor done and materials furnished, or repairs made; such lien can only be asserted in a court of equity.

3. *Same; Enforcement; Limitation.*—Where complainant contracted with one C for labor on and materials for a building then being repaired, and on March 8, 1910, filed his claim of lien against the lot and building, and on December 16, 1911, recovered a judgment against C alone, for the value of labor and materials furnished, declaring a lien, and condemning the lots and improvements thereon, such judgment being recorded in the office of the judge of probate, on February 24, 1912, and prior to such judgment respondent acquired all of the interest of C in the property by purchase at a foreclosure sale, and on October 16, 1913, complainant filed a bill against respondent alone, seeking to enforce a lien for the extent the property had been increased in value by his labor and material, the complainant was barred by limitation and laches, and the filing of the law judgment for record had no effect to extend the time for filing the bill in equity under the provisions and requirements of sections 4156, 4157, 4766 and 4777, Code 1907, when construed together.

4. *Limitation of Actions; Nature and Effect.*—The statutes of limitation go to and effect the remedies and not the rights of the parties.

5. *Same; Waiver.*—The statute of limitations is waived when not insisted upon by a plea, or by a demurrer when the bill discloses by its averments that ground of defense.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Ben F. Barbour Plumbing & Electric Company against the Jefferson County Sav-

ings Bank to settle the priority of their respective liens and to subject to the payment of complainant's judgment or claim the increased value of the property by reason of the improvements added by complainant. From a decree overruling demurrers to the bill respondent appeals. Reversed, rendered, and remanded.

The case made by the bill is that Crampton made a contract with complainant prior to December 16, 1909, for work and labor to be done on the building then being repaired on said real estate, and for material and fixtures to be furnished by complainant for the improvement and repair thereof; that part of the work and labor and part of the material had been furnished and done on December 16, 1909, and that all the work was done and material furnished prior to March 8, 1910, on which day plaintiff filed a mechanic's lien in the office of the judge of probate of Jefferson county, Ala. It further appears from the bill that a judgment was rendered in favor of complainant and against Crampton on December 16, 1911, by the circuit court of Jefferson county, Ala., for the amount due complainant for all the work and labor done and material furnished, and that a lien was declared in said judgment in favor of complainant for the amount of said judgment. It further appears that the lot and building were originally owned by Mrs. N. Legres, who mortgaged the same to Johnson in 1903. She sold to Crampton in 1909, and took a purchase-money mortgage at the date of the sale, and these mortgages were foreclosed and the property sold, which directly and by mesne conveyences were conveyed to respondent, the Jefferson County Savings Bank. This bill was not filed until October 16, 1913. It does not appear that either of the predecessors in title to Crampton were parties to the ac-

tion against Crampton filed by complainant. The demurrers raise the question decided in the opinion.

FORNEY JOHNSTON, for appellant.

STALLINGS, NESMITH, HUNT & JUDGE, for appellee.

SAYRE, J.—Due consideration has ·been given the able brief filed for appellant, in which it is urged upon us that the majority opinion in *Wimberly v. Mayberry,* 94 Ala. 240, 10 South. 157, 14 L. R. A. 305, is unsound in so far as it holds, as in very substance it does, that a mechanic or materialman who makes repairs upon mortgaged premises, without the knowledge of consent of the mortgagee or against his will, may come into equity and subject the entire property to his demand, precipitate a foreclosure, require a forced sale, and pay himself out of the proceeds, not indeed for the full price of the work done or the material furnished, but to the extent of the increased value of the property, where the repairs are so inseparably blended with improvements covered by the mortgage that they cannot be removed without mutilating the property and impairing the security of the mortgage. It would be hard to add anything to the gist of Chief Justice Stone's powerful dissent in that case; but counsel for appellant directs attention to these considerations as tending strongly to support his contention that the bill here should not be sustained under the statute as it now is. The prevailing opinion in *Wimberly v. Mayberry,* decided at the November term, 1891, reaching the conclusion that a prior lien under the statute fastened upon the entire property, land, and improvements, in the case of inseparably blended repairs, repeatedly refers to, and seems to lay great stress upon, the words "or

[Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co.]

repairs thereto," used in section 3019 of the Code of 1886, in which the Legislature undertook to prescribe the rule of priority as between the lien for material furnished or work done "on the building or improvement, or repairs thereto," and other liens, mortgages, and incumbrances prior and subsequent, at the same time saying that "if the building or improvement is a separate, independent erection or structure, it may be sold under execution from a court of law and removed." When, shortly thereafter, this section was brought forward into the Code of 1896 (section 2724), the words "or repairs thereto" were omitted, and so the section has since stood. Our reported cases do not show that the significance and effect of this omission, or deliberate deletion, as we must assume it to have been, has even been urged upon the court or had consideration here, and we might feel free to express, if necessary, an opinion upon appellant's stated contention as upon a new question. However, having reached a conclusion on another ground against the equity of appellee's bill, we have pretermitted any further consideration of the point to which we have alluded.

By the bill it appears that on March 8, 1910, appellee filed in the probate court its claim of lien against the lot and building of one Crampton for work done and material furnished prior to that date. It is shown by the bill that appellee's claim had accrued under a contract with Crampton "for work and labor to be done on the building then being repaired on said real estate * * * and for materials and fixtures to be furnished by plaintiff [appellee] for the improvement and repair thereof." December 16, 1911, appellee recovered in the circuit court of Jefferson county judgment against Crampton alone, for the value of the work and materials furnished, declaring a lien under the statute and

16—191

condemning "the lot and the improvements thereon" to its satisfaction. This judgment was recorded in the office of the probate judge on February 24, 1912. Prior to the date of this judgment appellant, as averred in the bill, had acquired interests in the property as follows: December 6, 1911, it had purchased at a foreclosure sale under a mortgage of date August 26, 1903; June 20, 1911, it took a deed from the purchaser at a foreclosure sale of a mortgage for purchase money of date July 19, 1909; September 26, 1911, it purchased at the foreclosure of another mortgage of date December 16, 1909, assigned to it on January 14, 1910; August 5, 1911, it took from the lessor, Crampton, with the consent of the lessee, an assignment of a three-year term which Crampton on March 30, 1911, had let to one Ransom. It is not clear just what the averment on the subject of this lease means. But it is clear that the assignment, whether of the term or the rent reserved, was subject to the above-mentioned mortgages. The bill in this cause, praying a reference to ascertain the several amounts due on the various claims described in the bill, and to what extent the property had been increased in value by the work and labor done and material and fixtures furnished or repairs made by complainant, and a decree declaring and enforcing the relative rights and interests of the parties "in the buildings or improvements on the real estate described in the bill of complaint," and for general relief, was filed against appellant, the Jefferson County Savings Bank, alone, on October 16, 1913. By demurrer appellant took the point that the enforcement of the lien alleged as against it was barred by the lapse of more than six months after the maturity of the entire indebtedness secured thereby (section 4777 of the Code of 1907) and by laches. In our opinion this objection was well taken.

(1) Appellee's bill intended to secure the adjudication of a lien in its favor on the entire property, real estate and improvements, superior to the lien, interest, or title of appellant, not to the extent of the contract price or value of the work done and material furnished in making the repairs—for *Wimberly v. Mayberry* concurs that a prior lien for inseparable repairs cannot be worked out on that basis—but to the extent only such blended repairs had increased the value of the property as a whole. No greater or less claim, nor any lien of different application, could be secured under any possible interpretation of the statute.

(2, 3) Section 4777 of the Code provides that: "Except in cases hereinafter provided [suits by and against the personal representatives of decedents] all lien arising under this article [the article on liens of mechanics and materialmen] shall be * * * lost, unless suit for the enforcement thereof is commenced within six months after the maturity of the entire indebtedness secured thereby"—which is to say that suits must be brought within the time prescribed. It is too plain for argument that this bill, unaided by the proceeding in the law court, would have been barred by the letter and the self-evident policy of the statute providing a short statute of repose against the litigation of claims of this character. And we are unable to see how the action in the law court or the filing of its judgment in the office of the probate judge could operate to extend the time for filing this bill in equity.

Section 4156 of the Code provides for the registration in the office of the judge of probate of any judgment or decree rendered in any court of record in this state. Section 4157 provides that: "Every judgment or decree, when filed as provided in the preceding section, shall be a lien on all the property of the defendant in

the county where filed, which is subject to levy and sale under execution, and such lien shall continue for ten years from the date of such judgment."

Though the lien of this section may, in proper cases, be enforced by bill in equity, it gives to registered judgments and decrees the effect only of an execution in the hands of the sheriff and confers upon the plaintiff a right only to reach and subject any leviable property of the defendant therein. This section furnishes, therefore, an apt remedy only against the property of defendants in moneyed judgments or decrees. It cannot be made to serve the purpose, or eke out the deficiencies, of judgments or decrees of a different character, or reach the interests of persons other than the defendant in the judgment.

In all actions to enforce the lien of mechanic or materialman "all persons interested in the matter in controversy, or in the property charged with the lien, may be made parties; but such as are not made parties shall not be bound by the judgment or proceedings therein."—Code, 4766. The principle of due process would enforce the observance of the rule declared in the last clause of the statute quoted, apart from legislative expression.

It is to be observed that by its bill in this case appellee sought, not to enforce a lien against the property of Crampton, the defendant in the judgment at law, for the specific amount of its judgment, for that it could not do in any view of the law, but to declare for the first time a lien upon the property of appellant, the Jefferson County Savings Bank, to the extent its value had been increased by the repairs furnished by appellee. We say upon the property of appellant because it had, by foreclosure of its prior liens and by assignment, acquired all the right, title, and interest

of Crampton, subject, if at all, to an incumbrance of the specific character and to the extent evidenced by appellee's judgment at law, to the force and effect of which its registration added nothing. But appellee's judgment did not disclose a lien of the nature now sought to be enforced; it showed only a judgment subject to the priority of appellant's interest or estate. The law court, according to *Wimberly v. Mayberry,* had no jurisdiction to render a judgment creating a lien of the character asserted in appellee's bill. To secure a lien of the character asserted in its present bill—and by its own showing appellee had no claim to any other—it was necessary in the beginning, and without regard to the registered judgment, that it be asserted by means of a bill in equity. Having failed to file its bill within the time prescribed by statute, appellee has, by its present bill, sought to enforce a claim without the jurisdiction of the law court and dependent upon proof not there heard, viz., proof, to be now for the first time adduced, of the enhancement of the value of the property as a whole, and this against a party that has not heretofore had its day in court. If a registered judgment establishing the fact, as against the original owner, that work had been done or material furnished, and the separate value or contract price thereof, can in any wise affect the rights of a prior mortgagee or lienholder, can, in particular, stop the running of the limitation of six months provided by the statute, then the mechanic or materialman in such case may as well be permitted to delay for nine years, 364 days, to file his bill, and at that late day put the prior mortgagee or lienholder to the hazard of litigating the question whether repairs were made in such sort as to require a sale of the entire property for their satisfaction, and, if so, whether the value of the prop-

erty as a whole was enhanced thereby, and whether the enhancement was less than the contract price or separate value of the work done or material furnished in making the repairs, all questions the prior mortgagor or lienholder would have a right to contest on such a bill. To so hold would be to ignore the vital principle of due process, to ignore the declaration of section 4766 of the Code, to set at naught the letter of the statute providing a limitation of six months, and the entirely reasonable legislative policy thereby expressed. Nothing, we think, can be found in *Wimberly v. Mayberry* to the contrary of our view that appellee's bill in this case was barred.

Against the conclusion stated above in respect of the statute of limitation appellee has cited the decision in *Birmingham B. & L. Asso. v. May & Thomas Hardware Co.*, 99 Ala. 276, 13 South. 612. In that case the materialman, a corporation, foreclosed its lien in a law court and became the purchaser at the sale which was made under a venditioni exponas issued from that court. Before that a prior mortgagee had foreclosed its mortgage and had purchased at its sale. The materialman filed its bill with a prayer similar to that of the bill before us. This court, sustaining the bill, noted the fact that the suit in the law court was against the original owner alone, and said: "The defendant company was not concluded in its liens or in the assertion of their priorities, by anything that took place in that proceedings [in the law court]; and the complainant, in having obtained said judgment against said Ethridge [the original owner], and purchased said property at the sheriff's sale, was not precluded from filing his bill to settle with the appellant the priorities of their respective liens, as this bill is intended to do.

[Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co.]

There is no other adequate remedy, to adjust these competing liens, except a proceeding in equity."

(4, 5) The statement of facts appearing in the report of that case very strongly suggests that complainant there had contributed its material to the erection of improvements on vacant lots on which defendant had prior mortgages, whereas, the lien adjudged in the law court purported to cover the property as a whole, land and improvements. If so, complainant had an undeniable prior lien on the improvements for the full contract price or actual separate value of the material furnished, and might have condemned, purchased and removed the improvements without in any wise affecting the security of defendant's mortgage, and no reason occurs to us why it might not have had that relief on the prayer of the bill filed. But aside from that, the court, in its statement of the case, seems to have been careful to note the grounds of demurrer taken against the bill, which were as follows: That the court had no jurisdiction, that complainant had no lien on the property described, and that, if it had any rights, it had an adequate remedy at law to enforce them. Statutes of limitation go to the remedy, not the rights of parties. If the applicable statute in any case is not insisted upon by plea, or by demurrer, as it may be in equity when the bill discloses the ground of defense, it is waived. We may, without involvement or lack of discrimination, concede that, if appellee in the case before us had filed its bill within six months, or, filing it later, no objection had been taken on account of the delay, the relief sought might, on proof taken, be awarded in consonance with the doctrine of *Wimberly v. Mayberry*. Our ruling is therefore not in conflict with anything said in the case of *Birmingham B. & L. Asso. v. May & Thomas Hardware Co., supra.*

The decree overruling the demurrer will be reversed, a decree here rendered sustaining the demurrer, and the cause remanded for possible amendment on terms to be directed by the chancellor.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.