(79 South. 641)

**MAGNOLIA LAND CO. v. MALONE INVESTMENT CO.** (6 Div. 619.)

(Supreme Court of Alabama. May 9, 1918. On Rehearing, June 29, 1918.)

1. EQUITY ☞427(3)—PLEADING—RELIEF.

Relief to be awarded in equity is determined by facts alleged in bill, and under the general prayer a complainant may, in the ordinary case, have relief authorized by facts averred, although he may be mistaken in the special relief prayed, especially in view of Code 1907, § 3095.

2. MORTGAGES ☞151(3) — PRIORITY — MECHANICS' LIENS.

A mechanic's lien, under Code 1907, § 4754 et seq., is a lien upon the whole property subordinate to prior mortgages as to property covered by the mortgages but superior to prior mortgages to the extent that the value of the property is increased by reason of the work and labor or material furnished.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the Malone Investment Company against Mrs. Jordan M. Greene, to enforce alleged separate liens under the statute made for the benefit of mechanics and materialmen. From an order overruling the demurrer of the Magnolia Land Company, a mortgagee, the latter appeals. Affirmed.

Weakley & Rice, of Birmingham, for appellant. Thompson, Greene & Thompson and S. J. Stiggins, all of Birmingham, for appellee.

SAYRE, J. The Malone Investment Company, averring that its assignor, W. N. Malone & Co., had done work and labor and furnished materials for the repair and improvement of two certain dwelling houses situated upon separate lots in the city of Birmingham, the property of Mrs. Jordan M. Greene, said repairs and improvements, consisting in painting and papering said houses, putting in plumbing, replacing windows, renovating floors, and such other work and materials as were necessary to beautify and improve said houses and make the same suitable for occupancy, filed this bill against Mrs. Greene to enforce alleged separate liens under the statute made for the benefit of mechanics and materialmen. Code, § 4754 et seq. This combination in one suit of liens on separate properties is not questioned, and is made apparently in virtue of the local act of March 4, 1901 (Terry's Local Laws, p. 581). It was averred that the Mortgage Bond Company of New York and the Magnolia Land Company, respectively, held first and second mortgages on the lots at the time of the repairs and improvements in suit, and that, after complainant's demand had accrued and before the filing of complainant's statement for a lien, the Magnolia Land Company foreclosed its second mortgage, became the purchaser at said sale, and is now exercising ownership over the lots and the improvements thereon. It is averred that complainant's work and labor was done and materials furnished with the knowledge of the Magnolia Land Company, but there is no averment of facts going to show that the company had in any way waived, surrendered, or otherwise prejudiced the priority which now, by demurrer to the amended bill, it claims as mortgagee. Its demurrer being overruled, the Magnolia Land Company has appealed.

Parties in their briefs discuss the case of Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305, and, as was the case in Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co., 191 Ala. 238, 68 South. 43, to which the briefs refer, the court is asked to overrule that case (Wimberly v. Mayberry) on the point of difference among the then members of the court, or to hold that the change in the statute, noted in Jefferson County Savings Bank v. Ben F. Barbour Co., had effect, by legislative authority, to establish the minority opinion as the law of such cases. But again it is not necessary to decide that precise question.

[1, 2] The specific prayer of the amended bill appears to have been intended to accommodate itself, in the alternative, to either of various views as to remedy expressed in the prevailing opinion in Wimberly v. Mayberry, and besides such relief as may be warranted by equity and the facts is prayed generally. The relief to be awarded in any case is determined by the facts alleged in the bill; and, under the general prayer the complainant may, in the ordinary case, have the relief authorized by the facts averred, although he may be mistaken in the special relief prayed. Rosenau v. Powell, 173 Ala. 123, 55 South. 789. It does not appear that in Wimberly v. Mayberry the judges differed with respect to this proposition; the mortgagee who purchases at his own foreclosure sale does not thereby impair or change the equitable rights of the subsequent incumbrancer under the statute made for mechanics and materialmen. They appear to have been in agreement to this extent: The lien of the mechanic or materialman in a case of this character is upon the whole property, but subordinate to the mortgage as to the property covered by the mortgage at and before the accrual of the lien. The difference between the judges related to the remedy to be afforded the mechanic or materialman and its practical effect upon the rights of the mortgagee in a case in which the lienor sought to foreclose his lien in advance of a foreclosure of the mortgage. The effect of the majority opinion, as we read it, was to hold that in such a case, where repairs are so inseparably blended with improvements covered by a prior mortgage that they cannot be removed without mutilating the property and impairing the security of the mortgage, the mechanic or materialman may, by his bill, require a sale, thus in effect precipitating a foreclosure of the mortgage, and pay himself out of the proceeds, not necessarily indeed the full price of the work

done or the materials furnished, but to the extent of the increased value of the property. Chief Justice Stone, and with him Judge Clopton, framing his statement to cover all cases, whether or not the mortgage debt has fallen due or been foreclosed, held that the mechanic's or materialman's only recourse or remedy in such case is to redeem from the mortgagee by. paying off the older incumbrance and then enforcing the collective liens for their benefit; or to enforce his claim against the equity of redemption; or to await a foreclosure of the mortgage, and then claim the surplus, should anything be left after payment of the mortgagee's debt.

Speaking for himself, the writer is still unable clearly to see how the remedy approved in Wimberly v. Mayberry can be administered in a case such as that was without impairing the contract rights of the prior mortgagee. But that is not this case. Appellant's debt is due; its mortgage has been foreclosed, though that fact is not conceived to be of importance. As against appellant, complainant, a subsequent incumbrancer, has the same substantive rights it had before, and the practical difficulty about the remedy has disappeared—that is, the lien of the complainant may be foreclosed subject to the lien of the mortgage—the property may be exposed for sale under the decree of the court and the proceeds applied (after costs), first, in satisfaction of the mortgage debt, then, in satisfaction of complainant's lien. The demurrer was directed against the prayer for relief, rather than to the case averred, and, in any event, was properly overruled.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

### On Rehearing.

SAYRE, J. When writing the closing sentence of the foregoing opinion we did not suspect the possibility of its being construed as a reflection upon the technique of appellant's demurrer. We intended to express the idea that the demurrer went to the nature and quantum of relief to be awarded, not to the denial of all relief, and that for that reason, as well as others—since, clearly, under the statute, complainant was entitled to some relief—the demurrer was properly overruled.

In stating that we were asked to overrule Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305, on the point of difference among the then members of the court, but that the judges who sat in that case were agreed that the lien of the mechanic or materialman in a case of this character is upon the whole property, but subordinate to the mortgage as to the property covered by the mortgage at and before the accrual of the lien we were stating a proposition which was thought to affirm the equity of complainant's bill. We then undertook to state the point upon which the court divided in Wimberly v. Mayberry and the facts which, in our judgment, rendered the point of difference immaterial in that case in the case under consideration; and that we considered a sufficient answer to the appeal.

Appellant demurred to "the bill of complaint as amended in so far as it seeks a decree that the complainant [appellee] has a lien upon the lots described in the bill, and in so far as it seeks a decree declaring that the claim of the complainant set up in the bill as amended shall be decreed to be superior or prior to any claim, interest, or lien of the Magnolia Land Company, and that the land company took under its mortgage foreclosure, and holds the lots, and each of them, in subordination to the claim of the complainant," assigning grounds of demurrer which raised the questions propounded by appellant as clearly and distinctly as they could be raised by demurrer in the circumstances. But suppose the demurrers to the relief prayed were sustained upon the limited grounds proposed, appellee still had a good case, the field of inquiry as to facts was neither enlarged nor diminished by the ruling, and no advantage could accrue to the court or the parties by a ruling upon the demurrant's proposition in advance of the evidence, whereas, on the other hand, if it should turn out that for any reason appellee had no lien, the court would have committed itself unnecessarily upon the question of priority.

Appellant criticizes the statement that "the relief to be awarded in any case is determined by the facts alleged in the bill, and under the general prayer the complainant may, in the ordinary case, have the relief authorized by the facts averred, although he may be mistaken in the special relief prayed"—a statement made upon the authority of Rosenau v. Powell, 173 Ala. 123, 55 South. 789, which in turn rested upon the exact language of May v. Lewis, 22 Ala. 646, and Munford v. Pearce, 70 Ala. 452. Appellant criticizes this statement as too broad. Appellant says by its counsel that the statement fails to "take notice of a well-settled qualification of the rule stated, to the effect that no relief can be granted under the prayer for general relief, which would be inconsistent with the relief especially prayed," citing cases. We do not consider the discussion of this question of any particular service in the present case, but the authority of the cases cited by appellant, in support of the qualification of the rule, is open to some doubt now that the statute (section 3095 of the Code of 1907) provides that a bill is not multifarious which seeks inconsistent reliefs.

Appellant further complains of our original opinion, wherein we said that the judges in Wimberly v. Mayberry did not appear to have differed with respect to this proposi-

tion: The mortgagee who purchases at his own foreclosure sale does not thereby impair or change the equitable rights of the subsequent incumbrancer under the statute made for mechanics and materialmen—and appellant, noting that Wimberly, the mortgagee in Wimberly v. Mayberry, had no right under his mortgagee to purchase at his own sale, and that no irregularity was alleged of its purchase in this case, asks how it can be asserted that the property should be exposed to sale, taxed with the expense of litigation, and the proceeds applied, first, in satisfaction of the mortgage debt, and then in satisfaction of complainant's lien. Such a decree, it is said, would impair the value and obligation of the Magnolia Land Company's mortgage contract. "Now, there being no assault upon the foreclosure," the argument proceeds:

"No claim, averment, or suggestion of irregularity or the nonexistence of the right on the part of the Magnolia Land Company to buy at its own sale under the mortgage, by the clear rule of law it seems to us it must be held that the said foreclosure would cut off all claims, liens, rights, or incumbrances that were derived through Mrs. Jordan M. Greene, the holder of the equity of redemption, and the legal title would become vested in the Magnolia Land Company as owner, with no right existing either in Mrs. Greene or in any subsequent incumbrancer, except the right to exercise the statutory right of redemption or to claim the surplus of the proceeds of sale over and above the mortgage indebtedness, if there be such surplus."

Appellant is here basing its argument on the dissenting opinion of C. J. Stone in Wimberly v. Mayberry, and it may be that he attached importance to the fact that Wimberly, the mortgagee in that case, had no right under the mortgage to purchase at his own sale; but evidently that fact was of no consequence in the opinion of the majority, and so it seems to us. This we say for the reason that all the judges in the case referred to conceded the constitutionality of the statute. And now, while we have spoken of the materialman in this case as a subsequent incumbrancer, as in point of time it was, the effect of the statute—and upon this also the whole court was agreed—is to vest in the mechanic or materialman in a case of this character a lien upon the whole property subordinate, as we have heretofore said, to the mortgage as to the property covered by the mortgage at and before the accrual of the lien, but, as we should have further said, superior to the mortgage to the extent the value of the property is increased by reason of the work and labor done or material furnished. To that extent, in short, the subsequent mechanic or materialman is a prior lienor. This is what the statute means and it is what the whole court recognized it to mean in Wimberly v. Mayberry. The only difficulty is to carve out the increased value of the property without impairing the rights of the mortgagee, and this, of course, is a difficulty about the mechanic's or materialman's remedy. Chief Justice Stone, as his dissenting opinion shows, really objected to the judgment in Wimberly v. Mayberry on the ground that it ran contrary to Kelly v. Longshore, 78 Ala. 203, and a line of cases in which the court had held that the owner of the equity of redemption has no right against the mortgagee, except the right to redeem; he has no right to control the mortgage, and cannot compel the mortgagee or his assignee to foreclose. But appellee takes its lien by virtue of the statute; it is not a lien on the equity of redemption merely; but, by virtue of the statute, it is a paramount lien to the extent of the increased value of the property. This paramount lien the lienor has a right to enforce, and the fact that the mortgage has been foreclosed is of no consequence, for the reason that the purchaser at foreclosure sale takes with notice of the lienor's rights. The writer has heretofore expressed the opinion that the mechanic or materialman could not be allowed to bring on the foreclosure of a prior mortgage in advance of its due date; but, whatever force may inhere in that opinion, there is in this case no difficulty on that account.

Having gone thus far in response to appellant's application for rehearing, it may be well to refer again to the case of Jefferson County Savings Bank v. Ben F. Barbour Pl. & E. Co., 191 Ala. 238, 68 South. 43. The writer did say in that case that it would be hard to add anything to the gist of Chief Justice Stone's powerful dissent in Wimberly v. Mayberry, and did state the argument of appellant, based on a change in the language of the statute as brought forward into the Code of 1896; but the case was decided upon another and different ground. We have been led by this application to express—improvidently perhaps—our opinion as to the propriety of the decision in Wimberly v. Mayberry. As for the change in the statute, since writing the Jefferson County Savings Bank Case we have been advised of the fact that the change in the statute by the omission of the words "or repairs thereto" was put on foot by the Code commissioner, who omitted the words from section 3019 of the Code of 1886, brought forward as section 2724 of the Code of 1896, because covered by "building or improvement" in the same section. Report of William L. Martin, Code Commissioner, 1896, p. 51. Without prolonging this response, it seems enough to say that the change, the history of which is thus shown, does not now appear to have much significance.

The court is of the opinion that the application for rehearing should be denied.