(124 So. 388)

## WAHOUMA SAV. BANK v. SOUTHERN PLUMBING & HEATING CO.

### (6 Div. 352.)

Supreme Court of Alabama. Oct. 24, 1929.

Edgar Allen, of Birmingham, for appellant.

Arthur L. Brown and W. M. Davison, both of Birmingham, for appellee.

BROWN, J. (after stating the facts as above). ■ Appellant's first contention is that the statement filed in the office of the probate judge was not a compliance with the statute (Code 1923, § 8836), because it covered an indebtedness for material and labor furnished in installing the plumbing in four separate houses, and the evidence fails to sustain the averments of the bill that the lots upon which the four houses were situated were contiguous or adjacent. This contention involves a question of fact, and as appears from the statement of the case, the evidence was taken orally in the presence of the court. During the cross-examination of the witness Scruggs, he was asked to identify a map showing the location of the lots "and indicate the lots on there on which you did the plumbing work," and in response to this question, he pointed out the lots, giving the numbers as 4, 5, 1, and 2, and stating that the map was a correct map of the property. While this map was not included in the note of testimony as a part of the evidence in the case, by this course of examination it became a part of the testimony of the witness, taken in the presence and hearing of the court, and in the absence of the map we are not able to say that the conclusion that the lots were contiguous or adjacent was not warranted by this testimony. Section 8839, Code.

■ The evidence noted in the submission of the case shows without dispute that the work and material furnished in installing the plumbing in the four separate buildings was done under a single contract made prior to the execution of appellant's mortgage, at and for an agreed price of $1,280, and after deducting payments made there was a balance due of $869.63 at the time the statement was filed in the office of the judge of probate. Included in this balance were items for material and labor furnished in making connections to the city sewerage system under a contract made after May 29, 1926. Another contention of appellant is that under such circumstances, if appellee was entitled to a lien at all, it was entitled to have the lien enforced against all of the property, for the full balance ascertained to be due, and that it was error to apportion the indebtedness to the several buildings. This contention involves a construction of the decree, and taking it as a whole, we are of opinion that it charges all the buildings with the lien for the full amount, and the apportionment which follows the general declaration of the lien on all of the improvements, is in the interest of and to the benefit of the other incumbrancers —a molding of the decree—so as to work out substantial justice as between the several mortgagees, in order that they might discharge the property covered by their respective mortgages from the lien, by paying a just portion of the indebtedness. While this form of decree might justify a complaint by the appellee, so far as the appellant is concerned, if error, it is without injury.

■■ Another contention is that the circuit court fell into error in adjudging that the amount ascertained to be due the complainant was due from the respondents.

This contention must be sustained. The Carters, who contracted the indebtedness for installing the plumbing, were not made parties to the bill; therefore, in so far as complainant's claim for this work and material

is concerned, the proceedings are in rem against the property, and to determine whether or not the complainant's lien, and to what extent it is superior to the lien of the several mortgagees; with the burden of proof on the complainant. McGeever v. Harris & Sons, 148 Ala. 503, 41 So. 930; Leftwich Lumber Co. v. Florence Mutual Building, etc., Ass'n, 104 Ala. 584, 18 So. 48.

The evidence is without dispute that included in the balance due to complainant, were items for material and labor furnished by the complainant in connecting the plumbing in the several buildings to the city's sewerage system, under a contract entered into about May 29, 1926, after the execution and recordation of appellant's mortgage. Therefore the appellant's lien on lot 5 in block 5-C, and the building constructed thereon, was prior to the complainant's lien, in so far as it rests upon the indebtedness incurred in making the sewer connection, even though it be conceded that complainant's lien resting on the indebtedness for installing the plumbing is superior to the mortgage on the building constructed by the Carters. Wimberly v. Mayberry, 94 Ala. 240, 10 So. 157, 14 L. R. A. 305; Leftwich Lumber Co. v. Florence M. Bldg. Ass'n, supra.

The burden was therefore on the complainant to adduce evidence showing the costs of the material and labor used in making the sewer connection, as a basis for determining the balance due for installing the plumbing in the building, and the increased value of the property as a whole as a result of such sewer connection, as a basis for determining the extent of complainant's rights in this respect; and in this the complainant failed to meet and carry the burden of proof. Jefferson County Savings Bank v. Barbour, etc., Co., 191 Ala. 238, 68 So. 43.

The settled construction of the statute is that a mechanic's lien for work and labor performed and material furnished attaches at the time the building or improvement is commenced, and not at the time the contract is entered into. Welch v. Porter & Co., 63 Ala. 225; Lavergne v. Evans Bros. Const. Co., 166 Ala. 289, 52 So. 318; First Ave. Coal & Lbr. Co. v. King et al., 193 Ala. 438, 69 So. 549.

While the evidence shows that the contract with complainant and the Carters, for installing the plumbing, was entered into prior to the 17th day of February, 1926, the date of the execution of the mortgage to appellant, and its recordation May 8, 1926, the evidence is silent as to when the work of installing the plumbing was commenced. This fact is important, in fact controlling, in determining whether or not the mechanic's lien on the building and improvements on the lot at the time of the execution of the mortgage in superior or subordinate to the lien created by the mortgage, and here the burden was on the complainant. Leftwich Lumber Co. v. Florence Mutual Building Association, supra; Becker Roofing Co. v. Will Wysinger et al., post, p. 276, 124 So. 858.

The court will not be put in error for ignoring the appellant's prayer for relief under its cross-bill. It failed to insist upon an answer being made to the cross-bill, or move for a decree pro confesso, and proceeded with the trial without objections. This must be treated as an abandonment of the cross-bill. Carson v. Sleigh, 201 Ala. 373, 78 So. 229.

Because of the failure of the complainant to meet and carry the burden of proof in the respects pointed out, the court erred in granting the complainant relief against appellant, and declaring the lien of complainant superior to the lien of appellant's mortgage on the building located on lot 5; and in this respect the decree will be reversed, and the cause remanded for further proceeding. As to the respondents not appealing, the decree of the court is not disturbed.

Reversed in part, and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.