144 So. 865

## BECKER ROOFING CO. v. JONES et al.

7 Div. 146.

Supreme Court of Alabama.
Dec. 15, 1932.

Chas. F. Douglass, of Anniston, for appellant.

Knox, Dixon, Sims & Dixon and Harrison & Stringer, all of Talladega, for appellees.

BROWN, J.

This appeal is from an interlocutory decree sustaining the defendants' demurrers to the amended bill filed by appellant seeking to enforce a materialman's and mechanic's lien against the lands and the building thereon (a residence), for materials and labor furnished by complainant in making repairs (placing a new roof) on the building, and for solicitor's fees for enforcing the contract under which the materials and labor were furnished.

The bill avers that the roof was installed on said house under a contract between complainant and the defendant Jones, "who was the owner of said property," on August 28, 1931, describing the property as "one house and lot in the Town of Munford, Alabama, known as the Kilpatrick lot and more particularly described as follows [then followed a description by metes and bounds] containing one acre of land, being the lot upon which the residence of R. H. Jones is located in Munford, Talladega County, Alabama," and that in said contract the contractee agreed to pay a reasonable attorney's fee.

The bill, after averring the terms of the contract, the default on the part of Jones maturing the entire indebtedness, and the filing of its "claim of lien" in the office of the judge of probate of Talladega county, further avers in paragraph 5 thereof: "That on January 4, 1928, R. H. Jones and his wife executed to respondent, Talladega National Bank, a mortgage in the sum of Seven Hundred, Ninety-Six & 50/100 Dollars due December 14, 1928, and *conveying to said respondent the land hereinabove described* and also that real estate adjacent thereto [also described]." (Italics supplied.)

And on "January 17, 1930, R. H. Jones and his wife executed to respondent, Long Grocery Co., Inc., a mortgage in the sum of Six Hundred, Forty-Eight Dollars, due October 1st, 1930, conveying therein to said respondent *the same real estate* conveyed to the Talladega National Bank in the mortgage described in paragraph five of the bill, and subject thereto," etc.; that the indebtedness secured by said mortgages is in part unpaid.

The bill further avers: "That in placing this roof upon the residence on the real estate described in paragraph 2 hereof, said roof increased the market value of said property in its entirety, that is upon the said land and the residence roofed to the extent of $330.00, that said improvement is attached to the said residence in such way that it can not be taken therefrom without its destruction and great damage to the residence, leaving said residence open at the top and exposed to all kinds of weather, said improvement being, therefore, inseparably blended with said residence. Complainant avers further that its lien claim as set up in the instrument, copy of which is attached hereto as Exhibit 'C,' is, to the extent of its improvement, as herein shown, has increased the market value of the property described in paragraph 2 hereof in its entirety, superior and prior in right to the mortgage of respondent Talladega National Bank, as set out in paragraph 5 hereof and also to that of respondent, Long Grocery Co., as set out in paragraph 6 hereof, and this priority it claims."

The circuit court was of opinion that it was incumbent on the complainant to show by the averments of its bill that the repairs placed on the building enhanced the value of the entire property to the extent that the proceeds at the sale thereof would be sufficient to pay the debts secured by both mortgages in full and pay some part of complainant's claim; and that in this respect the averments of the bill were too indefinite and uncertain. For this reason the circuit court sustained the demurrers to the amended bill.

It must be conceded that next to the last paragraph in the opinion of the court in Becker Roofing Co. v. Wysinger et al., 220 Ala. 276, 124 So. 858, tends to support the ruling of the court, but it is apparent from the opinion that the utterance was purely dictum. The appeal in that case was from an interlocutory decree sustaining demurrers to the bill, and the right of the mortgagee to bid at

the sale was not a question in the case. This dictum and the first paragraph of the opinion, holding that the lien only attached to the equity of redemption of the mortgagor-owner, are in conflict with the law as declared by this court in the prevailing opinion rendered in Wimberly v. Mayberry & Co., 94 Ala. 240, 10 So. 157, 14 L. R. A. 305, construing and applying the statutes (Code 1886, §§ 3018, 3019), which have been brought forward in the several Codes without material alteration. Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641. In the last-cited case the lien was enforced against the property after foreclosure which cut off the equity of redemption.

The statute as construed in Wimberly v. Mayberry & Co., supra, gives to the mechanic who does or "performs any work or labor upon, or furnishes material * * *. for any building or improvement on land, or for repairing, altering, or beautifying the same, under or by virtue of any contract with the owner or proprietor thereof * * * a lien therefor on such building or improvements, *and on the land on which the same is situated*, to the extent in ownership of all the right, title, and interest therein of the owner or proprietor, and to the extent in area of the entire lot or parcel of land in a city, town, or village; or, if not in a city, town, or village, of one acre in addition to the land upon which the building or improvement is situated." Code 1923, § 8832 (italics supplied); Wimberly v. Mayberry & Co., supra.

■ The lien as to the land and any building situated thereon—which under the common law is a part of the land—is subordinate to mortgages or other incumbrances existing thereon at the time the mechanic's or materialman's lien attaches; and said mechanic's lien is to the extent of the improvement superior to such anterior liens and incumbrances. In the case of an entire independent building, constructed on the land after such anterior lien or incumbrance is created, the statute ex proprio vigore, in derogation of the common law, constitutes such entire independent building a chattel real and takes it out of the influence of pre-existing liens and incumbrances, and authorizes its sale and removal by the purchaser "within a reasonable time." Code 1923, § 8833; Wimberly v. Mayberry & Co., 94 Ala. 240, 10 So. 157, 14 L. R. A. 305; Pilcher v. E. R. Porter Co. et al., 208 Ala. 202, 94 So. 72; Central Lumber Co. v. Jacks, 222 Ala. 475, 132 So. 721.

In case of inseparable repairs or improvements added to buildings or improvements on the land, and a part thereof at the time of the creation and attaching of such anterior incumbrances or liens, the mechanic's and materialman's lien is subordinate to such anterior liens or incumbrances on the property in its condition before such repairs or improvements were made, and superior to such anterior liens or incumbrances to the extent only that the added repairs or improvements enhanced its market value. Improvements of this character are merged into and are a part of the land, and the anterior lienor and the mechanic and materialman, each, in part, has a superior lien covering the same property, and a court of equity only has jurisdiction to settle the priorities and adjust the equities between the parties. Wimberly v. Mayberry & Co., supra; Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co., 191 Ala. 238, 68 So. 43; Climax Lumber Co. v. Bay City Mach. Wks., 163 Ala. 654, 50 So. 935; Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641.

The anterior incumbrancer is not entitled to full discharge of his claim, unless the market value of the property in its condition before the lien of the mechanic or materialman attaches is equal to or exceeds the amount of his claim, and the mechanic or materialman is only entitled to such sum as represents the increased value. Wimberly v. Mayberry & Co., supra; Grayson et al. v. Goolsby et al., 224 Ala. 75, 139 So. 106.

The following illustration, which it is well to repeat, was approved by the court in Wimberly v. Mayberry & Co., 94 Ala. 240, 254, 10 So. 157, 162, 14 L. R. A. 305: "Thus, if a house and lot worth fifteen thousand dollars, and, subject to a mortgage, additions or improvements are made by the mortgagor in such mode as to make the premises worth eighteen thousand dollars, the mechanics and materialmen * * * would have a prior lien to the extent of three-eighteenths of the proceeds of the sale, and the increased market value added to the property would measure the extent of the priority of their lien, without reference to the cost of the materials or labor actually furnished."

■ The complainant who is seeking to enforce the mechanic's and materialman's lien, therefore, had the burden, as against appropriate demurrers, of affirmatively showing by the averments of its bill, the condition of the property at the time it furnished the material and entered upon the work, whether the building was then on the property so as to come within the influence of the prior mortgages, and the then market value of the property, and its market value after the completion of the repairs, so that the court may determine from the face of the bill the priority of the several liens and the extent thereof. Wahouma Sav. Bank v. Southern Plumbing & Heating Co., 220 Ala. 140, 124 So. 388.

The bill in some of its averments does not meet this requirement. Taking the averments of the bill literally—construing them most strongly against the pleader—the mortgages held by the respondents embrace nothing but the lot on which the building was sit-

uated. King v. Woodlawn Lumber Co., 201 Ala. 539, 78 So. 893.

The provisions of the contract as between Jones and the complainant as to the payment of attorney's fees, or as for that matter, the price of the work and material, are res inter alios acta, as to the respondents-mortgagees. Wimberly v. Mayberry & Co., 94 Ala. 240, 10 So. 157, 14 L. R. A. 305.

In so far as Becker Roofing Co. v. Wysinger et al., supra, conflicts with the foregoing opinion, it is overruled.

Affirmed.

All the Justices concur.