149 So. 91

## ANNISTON BANKING & LOAN CO. v. WORSHAM et al.

### 7 Div. 191.

Supreme Court of Alabama.

June 8, 1933.

James F. Matthews, of Anniston, for appellant.

Chas. F. Douglass, of Anniston, for appellees.

KNIGHT, Justice.

Bill by complainants against D. J. Haynes and the Anniston Banking & Loan Company to enforce a materialman's lien for material furnished by the complainants to D. J. Haynes, in the repair or improvement of the residence located on a certain described lot in the city of Anniston, Ala., which property was then held and in the possession of said Haynes, under a contract of purchase from the respondent the Anniston Banking & Loan Company.

The contract of sale and purchase between the said Anniston Banking & Loan Company and Haynes is attached, and made an exhibit, to the bill. It appears from this contract that the consideration price agreed to be paid for the property was $787.50. That no part of the purchase price was paid in cash, but that the purchaser executed and delivered to the vendor his promissory note for the purchase money, payable on July 1, 1930. This contract, with reference to the consideration price, contained this provision: "And the further consideration that the party of the second part (D. J. Haynes) is to expend not less than $500.00, for labor and material,

by July 1st, 1930, for the improvement of the above described property."

By the terms of the contract the seller obligated itself to convey said property to the purchaser upon the payment of the purchase money. By other provisions of the contract, it was stipulated that the purchaser was to pay state, county, and municipal taxes assessed against said property, and keep the property insured for a certain amount, with "loss payable to the seller as its interest may appear"; and there was this further stipulation: "And the party of the second part (Haynes) further agrees that, upon the failure for thirty days to pay any one of the said notes after the maturity thereof, or to keep the property in good repair, pay the taxes and assessments on said property as the same may mature, or keep the insurance in force on said property as hereinabove stated, that the said party of the first part, at its option, may declare this contract to be one of rental and may apply all payments which have been made to it as rents on said property for past occupancy, which amounts are hereby agreed to be a reasonable amount therefor, and said party of the first part may take possession of said property and treat the party of the second part as its tenant, who hereby agrees to surrender the possession thereof to the party of the first part within ten days after notice in writing from said party of the first part, his agent or attorney."

The amended bill avers that the fair market value of the material supplied by complainant to said Haynes, and used in the improvement of the residence on the property, was $372.30; that the residence so improved was on the property at the time the contract of purchase by said Haynes was entered into; that said material consisted of lumber, and was worked into the building as "an integral part thereof," thereby becoming blended with and "an inseparable part" of the building in such way that it could not be removed without leaving various parts of the building open and exposed.

The bill also averred that the use of said material in said building increased, to the extent of this claim, the market value of said property in its entirety, giving said property, after the use of said material, a market value of $372.30 over and above that which it had before the use of said material.

It is also made to appear by the bill that the said Anniston Banking & Loan Company has attempted "to forfeit the contract" made with Haynes, but that the same was done on a date subsequent to this contract and since the improvements were made by complainants upon the property; that the said company has demanded possession of the property, but that Haynes has not surrendered said property but is still occupying the same.

Among other things, the bill prays: That upon final hearing the court will enter a decree against D. J. Haynes and in favor of complainants in the sum of $372.30, with interest from July 1, 1930; that it will ascertain from the evidence the extent to which this improvement has increased the value of said property in its entirety, and to this extent decree the claim of complainants superior to that of the Anniston Banking & Loan Company. And for general relief.

The respondent Anniston Banking & Loan Company demurred to the bill as last amended, assigning several grounds of demurrer. One of the grounds of demurrer challenges the equity of the bill, while others take the points: That Haynes, under the contract of purchase, did not acquire any title to the property sought to be subjected to a lien in favor of the complainants; that it is not shown that Haynes complied with the terms of the contract of purchase by paying the purchase price, etc.; that it appears that this defendant is entitled to demand possession of the property, and to declare said contract to be forfeited; that it appears that this defendant has declared said contract to be forfeited; that there is no offer in said bill to do equity by performance of the covenants in said contract to be performed by said Haynes; that it appears from said bill that whatever right, title, interest, or claim said Haynes had in said property under the contract was defeasible upon default in performance of the covenants in said contract; and that it is not shown that said Haynes complied with said contract, or acquired any title thereto superior to the title of this defendant.

The court overruled this demurrer, and from that decree the present appeal is prosecuted.

Counsel for appellant in brief states: "In this case Haynes was an owner or proprietor under section 8832 (of the Code), yet the lien of complainants must be restricted (to) such interest only as Haynes had, and that was as shown by the bill and its exhibits merely a right of purchase which was never exercised. The situation is not changed by succeeding section 8833 * * *."

Under our decisions, we are clear to the conclusion that Haynes, under the contract of purchase, and his possession of the property thereunder, and making improvements thereon in compliance with the terms of the contract, was an owner and proprietor of the premises within the meaning of sections 8832 and 8860 of the Code. Sims v. Taylor, 223 Ala. 280, 135 So. 580; Whitfield v. Howard, 221 Ala. 171, 128 So. 137; Ingram v. Howard et al., 221 Ala. 328, 128 So. 893.

In the case of Wimberly v. Mayberry, 94 Ala. 240, 10 So. 157, 14 L. R. A. 305, this court held, under the statute giving a lien

to mechanics and materialmen, for work done and material furnished in erecting or repairing a building or improvement on land, as follows:. (1) That when the work is done or the materials are furnished in the completion of an unfinished house on lands subject to a prior mortgage, the statutory lien extends to the entire property, and has priority over the lien of the mortgage, but only to the extent of the enhanced value imparted to the property, while it is subordinate to the mortgage lien on the property as it existed before the statutory lien attached; (2) that a court of equity has jurisdiction to enforce this lien, and to adjust the respective rights and priorities of the parties by selling the property and apportioning the proceeds of sale, etc.

The decision in the Wimberly Case, supra, was expressly cited with approval in our recent case of Becker Roofing Co. v. Jones, 225 Ala. 638, 144 So. 865, 866.

In the Becker Roofing Co. Case, this court held:

"In the case of inseparable repairs or improvements [as in the instant case] added to buildings or improvements on the land, and a part thereof at the time of the creation and attaching of such anterior incumbrances or liens, the mechanic's and materialman's lien is subordinate to such anterior liens or incumbrances on the property in its condition before such repairs or improvements were made, and superior to such anterior liens or incumbrances to the extent only that the added repairs or improvements enhanced its market value. Improvements of this character are merged into and are a part of the land, and the anterior lienor and the mechanic and materialman, each, in part, has a superior lien covering the same property, and a court of equity only has jurisdiction to settle the priorities and adjust the equities between the parties. Wimberly v. Mayberry & Co., supra; Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co., 191 Ala. 238, 68 So. 43; Climax Lumber Co. v. Bay City Mach. Wks., 163 Ala. 654, 50 So. 935; Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641.

"The anterior incumbrancer is not entitled to full discharge of his claim, unless the market value of the property in its condition before the lien of the mechanic or materialman attaches is equal to or exceeds the amount of his claim, and the mechanic or materialman is only entitled to such sum as represents the increased value. Wimberly v. Mayberry & Co., supra; Grayson et al. v. Goolsby et al., 224 Ala. 75, 139 So. 106."

Appellant's counsel makes the earnest insistence that the appellant's title, "though subject at the time to an executory contract of sale, was neither lien, mortgage or incumbrance, and did not therefore fall within the field of operation of section 8833 by reason of principles stated in Copeland v. Kehoe, 67 Ala. 594." We cannot see that there is anything in the Kehoe Case, supra, which militates against the equity asserted by complainants in this case. The questions we are now called upon to decide were not presented in that case.

We are of the conclusion that complainants, in their bill as amended, as for any grounds of demurrer assigned, and properly directed thereto, state a case for equitable relief.

We express no opinion as to the sufficiency of the bill which seeks relief on the theory of an estoppel, as no proper ground of demurrer was directed to this aspect of the bill.

The rule of our decisions is, if the demurrer is directed to the bill as a whole, and not to its respective aspects, it would be error to sustain the demurrer where any one of the aspects presented by the bill is not subject thereto. Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Wood et al. v. Estes, 224 Ala. 140, 139 So. 331.

It follows that the decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.