173 So. 379
.PROTECTIVE LIFE INS. CO. v. HOLLAND FURNACE CO.

6 Div. 973.

Supreme Court of Alabama.

March 25, 1937.

BROWN, Justice.

This case was submitted below on agreed facts showing that the improvements added by way of repairs were inseparable from the property; that the value of the lot at the time was $3,000, the value of the building $6,000, and that the improvements increased the value of the building $200, making a total value of $9,-200.

The agreed statement of facts does not show that the market value of the property in its condition before the lien of the materialman attached, was equal to or exceeded the amount of the mortgage debt. Therefore it does not appear that the anterior encumbrancer was entitled to full discharge of its claim. Becker Roofing Co. v. Jones et al., 225 Ala. 638, 144 So. 865, 866; Grayson et al. v. Goolsby et al., 224 Ala. 75, 139 So. 106; Wimberly v. Mayberry & Co., 94 Ala. 240, 10 So. 157, 14 L.R.A. 305.

The applicable rule is stated in Becker Roofing Co. v. Jones et al., supra, as follows: "In case of inseparable repairs or improvements added to buildings or improvements on the land, and a part thereof at the time of the creation and attaching of such anterior incumbrances or liens, the mechanic's and materialman's lien is subordinate to such anterior liens or incumbrances on the property in its condition before such repairs or improvements were made, and superior to such anterior liens or incumbrances to the extent only that the added repairs or improvements enhanced its market value. Improvements of this character are merged into and are a part of the land, and the anterior lienor and the mechanic and materialman, each, in part, has a superior lien covering the same property, and a court of equity only has jurisdiction to settle the priorities and adjust the equities between the parties. Wimberly v. Mayberry & Co. [94 Ala. 240, 10 So. 157, 14 L.R.A. 305]; Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co., 191 Ala. 238, 68 So. 43; Climax Lumber Co. v. Bay City Mach. Works, 163 Ala. 654, 50 So. 935; Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641." 225 Ala. 638, 640, 144 So. 865.

On sale of the property, if the proceeds are not sufficient to satisfy the costs and both debts in full, then after payment of the costs, the materialman is entitled to

Cabaniss & Johnston and Wm. H. Trueman, all of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

40

receive ²⁄₉₂ and the defendant ⁹⁰⁄₉₂ of the proceeds of the sale.

The decree awarded the complainant full satisfaction of its debt, out of the proceeds of the sale, thus subordinating the defendant's claim to that of the complainant. For this error the decree is reversed, and the cause is remanded that a decree may be entered, not inconsistent with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.