PER CURIAM.
Appellant, Branch Banking and Trust Co. (“BB & T”), appeals a final summary judgment of foreclosure that determines as the successor in interest of AmericanFirst Bank, Appellee, TD Bank, holds a first-priority equitable lien superior to any claim of BB & T and has the right to credit bid at the foreclosure sale. We affirm in most respects, but reverse that portion of the final judgment granting TD bank the right to credit bid at the foreclosure sale.
Credit bidding is a judicially created right granted to the first mortgagee upon foreclosure of the mortgage. The Florida Supreme Court explained the right in Tucker v. Crown Corp., 136 Fla. 517, 183 So. 740, 745 (1938):
The first mortgagee should be accorded, in the decree, the right to bid at such sale to the amount ascertained to be due on the first mortgage debt, and the same (authorized in the decree) be credited to the amount of such successful bid made by such mortgagee or his privy, by contract, or estate, or of blood, if he desires to bid. If a subsequent mortgagee or lienholder is the successful bidder, he should be required to pay in cash the amount to secure or necessary to discharge all prior liens and costs before being credited with the amount of his lien on his bid.
Id. (quoting Becker Roofing Co. v. Wysinger, 220 Ala. 276, 124 So. 858, 863 (1929), overruled in part, Becker Roofing Co. v. Jones, 225 Ala. 638, 144 So. 865, 866 (1932)). Credit bidding is allowed because “no useful purpose [is] served in requiring a bondholder or a mortgagor to pay cash to a court officer conducting a judicial sale when he would be entitled to immediately have it paid back to him under the decree authorizing the sale.” Grable v. Nunez, 66 So.2d 675, 677 (Fla.1953). However, credit bidding would not appear to be available to a senior mortgagee that has not foreclosed its mortgage. Senior mortgagees are not necessary or indispensable parties to a suit to foreclose a junior mortgage. Garcia v. Stewart, 906 So.2d 1117, 1120 (Fla. 4th DCA 2005). Moreover, the senior credi *1231 tor’s interest remains with the property-after the foreclosure, and it is not entitled to claim any excess proceeds from the sale. Id.
Here, although TD Bank raised defenses to BB, & T’s claims, it never filed suit to foreclose its mortgage. Because it never-foreclosed its mortgage, it has no claim to proceeds from the foreclosure sale. We therefore conclude it was error to permit TD Bank to credit bid in an amount equal to the amount of its first priority lien.[1]
AFFIRMED in part, REVERSED in part.
BERGER, LAMBERT and EDWARDS, JJ., concur.

. The final judgment found that TD Bank had a first priority lien in the amount of $280,904.60 (which included a principal amount of $205,111.22 and prejudgment interest of $75,793.38). Notably, neither TD Bank nor its predecessor, AmericanFirst, established the amount due under the mortgage, nor were pleadings in place that would have allowed the debtor to assert defenses to the loan.