# East *v.* East.

## Bill in Equity to Enforce Vendor's Lien.

1. *Sale of lands belonging to tenants in common, one of whom is a lunatic and the other his guardian.*—Where one of two tenants in common has been declared a lunatic, and the other appointed his guardian; if the latter obtains from the Probate Court an order for the sale of the lunatic's interest in the land, it is questionable whether he can rightly make a joint sale of the entire land, or whether such sale, if made, could or would be approved by the court.

2. *Same.*—If he sells his own interest in the land at the same time, to the same purchaser, and at the same price, taking separate notes for the purchase-money, one payable to himself individually, and the other as guardian, he can not unite the two demands in one bill to enforce a vendor's lien on the land.

3. *Bill dismissed on demurrer in term time.*—When a bill is dismissed on demurrer in term time, the complainant must ask leave to amend, if he desires to do so.

4. *Sale of lands by decree under probate court.*—When land is sold by a guardian, under a probate decree, the sale is not complete until confirmation, and the title does not pass until the purchase-money is paid

[East v. East.]

(Code, § 2766); consequently, the vendor's lien is not waived by taking a note with surety for the agreed price, nor by executing a conveyance prematurely.

APPEAL from Randolph Chancery Court.
Heard before Hon. N. S. GRAHAM.

SMITH & SMITH, for appellants.

DOWDELL & DENSON, *contra* ·

STONE, C. J.—The bill alleges that the lands, on which a vendor's lien is sought to be established, were owned by the complainant and Cicero J. East as tenants in common, that the latter had been declared a lunatic, and the complainant appointed his guardian. The bill then avers that under an order granted by the Probate Court, complainant had sold the lunatic's undivided half interest in the land, and Elias East became the purchaser at the price of two hundred and twenty-five dollars. It is then averred that at the same time complainant sold the half interest owned by him in his individual right to the same purchaser, and at the same price. Separate notes were taken for the purchase-money of these several interests; the one payable to T. J. East, guardian of C. J. East, the other to T. J. East, or bearer. The present bill is filed by T. J. East, in the dual capacity of individual and guardian, and seeks to recover the two demands in one suit.

The bill does not aver that the sale of the two interests was made by one contract. The taking of separate notes tends to show the sales were separate. It is difficult to conceive how the two sales could be made by one joint contract. One interest was required to be sold at public outcry, to the highest bidder, after due notice; the other could be disposed of publicly or privately, at the option of the owner. It is questionable if a joint sale could have been rightfully made, and whether, if so made, the Probate Court could or would approve it. The one is a private contract, between man and man, consummate when the concurrence of the two minds is evidenced by written contract, duly signed, expressing its terms; the other is a judicial sale, not binding nor complete, until it is approved by the court, under whose authority the sale is made. Be this, however, as it may, the bill not only does not aver there was a joint sale, but, plainly interpreted, avers the contrary. The bill, then, presents the case of two distinct demands, asserted in distinctly different rights, in one and the same suit. This comes up to all the requirements of the rule against multifariousness, and the objection to the bill, original

[Sands et al v. The State.]

and amended, was rightly sustained.—*Lehman v. Meyer*, 67 Ala. 396; *Junkins v. Lovelace*, 72 Ala. 303; 1 Brick. Dig. 719–20; *Bayzor v. Adams*, 80 Ala. —.

The decree being rendered in term time, the complainant, if he desired to amend, should have asked leave to do so. In the absence of such motion, the court did not err in the final decree dismissing the bill.

There will be other proceedings, and we will offer some suggestions on other points. The bill should have averred that the public sale was reported and confirmed, as it is the confirmation which gives the sale validity.

So far as the guardian's interest is concerned, there is nothing in the objection, even if sustained by the pleadings, that the purchaser received a conveyance, and gave security for the purchase-money. The title, if made before confirmation and the payment of the purchase-money, was improperly made, and did not devest either the title or the lien.—Code of 1876, § 2786.

Nor does the bill sufficiently show security was taken, so as to raise the presumption the lien was waived. It is shown that the alleged surety was the wife of the purchaser. A married woman can make no binding personal contract, nor can she bind her property, unless she has an equitable separate estate, or, is in some other way clothed with the power. *Prima facie*, her promises to pay money are nullities, and to give them effect the facts must be averred which clothe her with the power. As the bill appears, her promise was a nullity.

It may not be necessary, but we will so far modify the decree as to make it a dismissal without prejudice. As amended,

Affirmed.