# Moore, et al. v. Pope.

*Bill in Equity to Foreclose Mortgage.*

1. *Parties to suits in equity.*—Section 2594 of the Code does not apply to suits in equity, and where notes secured by mortgage are payable to the cashier of a bank, both the bank and the cashier should join as complainants in a bill to foreclose the mortgage in order that the legal and equitable title may be before the court.

[Moore, et al. v. Pope.]

APPEAL from Mobile Chancery Court.

Heard before Hon. W. H. TAYLOE.

This was a bill in equity by W. B. Pope against R. Moore and his wife to foreclose a mortgage executed to one Ruth, afterwards assigned to complainant to secure three notes payable to said Pope as cashier of the Alabama National Bank of Mobile. The defendants demurred, assigning the following grounds: (1.) Because the said bill of complaint fails to show any right on the part of the complainant to the mortgage debt for the payment of which the said bill seeks to foreclose the said mortgage. (2.) Because the said bill of complaint fails to show that either of the defendants are in possession of the property for the sale of which the complainants have prayed in the said bill of complaint. (3.) Because the said bill of complaint fails to show any jurisdiction on the part of the Chancery Court in the proceedings for the partition of said Blakeley Islands and fails to show that either said Rittenhouse Moore or Hattie B. Moore were parties to said proceedings. (4.) Because said bill of complaint fails to show that the defendant, Hattie B. Moore, has any interest in the subject-matter of this litigation or any interest in the property sought to be sold. (5.) Because there is a misjoinder of parties in this, that the said Hattie B. Moore is made defendant, although it is shown that she has no interest in the subject-matter of this litigation.

The court overruled the demurrers, and from this decree defendants appeal.

GREGORY L. & H. T. SMITH, for appellants, cited Code, § 2594.

FREDRICK G. BROMBERG, for appellee, cited on the different grounds of demurrer: (1.) 1 Jones on Mort. § 787; 15 Am. & Eng. Encyc. 842; (2.) 1 Jones on Mort. § 682; 2 *Ib.* § 1483; (3.) 1 Brick. Dig. 725 § 1246; *Wilkinson v. Stuart,* 74 Ala. 198; *Lyon v. Powell,* 78 *Ib.* 358; *Johns v. Johns,* 93 *Ib.* 339; Code, § 3247.

HARALSON, J.—On the 2d of March, 1891, Rittenhouse Moore, being indebted for borrowed money to the Alabama National Bank of Mobile, in the sum of $4,380, applied to the bank for a renewal of the loan, which was granted, and in renewal thereof said Moore executed and delivered, on that date, his three promissory notes for $1,460 each, payable, respectively, in 9, 12 and 18 months from date, to the order of W. B. Pope, cashier of the Ala. Nat. Bank of Mobile,

[Moore et al. v. Pope.]

and to secure the payment of these notes he and his wife executed and delivered to Henry R. Ruth, a mortgage on an undivided interest of said Moore in real estate, described therein as the Islands of Blakely and Pinto, in Mobile county. A suit was, at the time, pending in the Chancery Court of Mobile county for the partition of said real estate between the tenants in common, and certain lots of it were set apart by the decree of that court to said Moore. On default in the payment of one, all the notes became due, and the mortgage foreclosable. Two of the notes matured and were not paid, and this proceeding is to foreclose that mortgage.

The defendants in the court below demurred to the bill, assigning several grounds, the first of which is the alleged failure in the bill to show any rights in the complainants to the mortgage debt. The court overr1ed the demurrer, and the case is here to reverse that ruling.

This objection is urged on the grounds that the bill is uncertain as to who is the party beneficially interested; that its allegations tend to show that complainant is not, but the Ala. National Bank of Mobile is the real party in interest, and, under section 2594 of the Code, this suit should have been instituted in its name; and that it does not appear that any valid assignment of the legal title to the mortgage was ever made by said Henry R. Ruth to complainant.

Section 2594 of the Code, as we have frequently held, does not apply to suits in equity, but to actions at law. The bill, however, alleges that on the 28th April, 1891, the said Henry R. Ruth, the mortgagee and trustee named in the mortgage, transferred and assigned said deed of mortgage and the lands therein described to W. B. Pope, as cashier of the Alabama National Bank. The notes secured by the mortgage were, as the bill also shows, made payable to said Pope, cashier.

The office of cashier, by the uniform and universally recognized usages of banks, and by common consent, has become synonymous with the bank itself, and a mortgage or note given to the cashier of a bank may be enforced by suits in the name of the bank, without assignment or indorsement.—*McGee v. T. & I. Bank*, 93 Ala. 196; *Goodman v. Walker*, 30 Ala. 482.

The bank is a necessary party, and should have been joined with Pope, a proper party, as complainant. The overruling of the demurrer as to this ground was error. The other grounds are without merit, and were not insisted on in argument.

Reversed and remanded.