8238

RIDGEWAY v. BROADWAY.

REAL PROPERTY—MECHANIC's LIEN.—One buying lands, paying a part of the purchase money and going into possession under his contract of purchase, is the "owner" of the land in the sense in which that word is used in section 3008 of the Code of 1902, giving material men and laborers a lien on buildings and lands on which they are situate for labor and material.

Before DeVORE, J., Clarendon, January term, 1911. Reversed.

Action by Thomas H. Ridgeway against N. G. Broadway, as surviving member of the firm of Broadway Bros., A. J. Davis and Joseph E. Davis. Plaintiff appeals.

*Messrs. A. Levi* and *Charlton DuRant,* for appellant, cite: *The vendee is the equitable owner of the land:* 12 Rich. Eq. 345; 57 L. R. A. 643 and notes; 6 Words and Phrases 5141; 34 Am. Dig., Cent. Ed., 2110; 13 Id. 1310.

*Messrs. Davis & Weinberg,* contra, cite: *The mechanic's lien law must be strictly construed:* 67 S. C. 11; 20 S. C. 500.

July 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an action to establish and foreclose a mechanic's lien for $124 for labor done and materials furnished by plaintiffs in the building of some barns, stables, sheds and fences on a plantation while it was owned by Broadway Brothers.

The plantation originally belonged to P. B. Harvin, who, in the early part of 1909, contracted to sell it, for $10,000, to Broadway Brothers, who paid $1,050 on the purchase price in cash and gave their note for the balance, due November 1, 1909, and took possession, under their con-

tract.   They rented it to plaintiff for the year 1909, and during the year plaintiff alleges that, at their request, he did the work and furnished the materials for the value of which he is now suing and seeking to impress a lien upon the property.   Sometime before November 1, 1909, the date of the maturity of their note for the balance of the purchase money, Broadway Brothers sold the property to the defendant, Walters, for $12,000, and on that day, by agreement of all concerned, Harvin conveyed the plantation to Walters, who gave Harvin a first mortgage for the part of the purchase money left unpaid on that day, and he also gave N. G. Broadway, the survivor of Broadway Brothers, a second mortgage for $4,000, which included what they had paid on the purchase price to Harvin and their profit on the sale to Walters.   Subsequently Broadway assigned his mortgage to the defendant Davis.

The sole question presented by the appeal is whether, under the facts stated, Broadway Brothers were the "owners" of the plantation, when the improvements were made, in the sense in which that word is used in section 3008, volume I, Code 1902, which reads as follows:

"Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection, alteration or repair of any building or structure upon any real estate, by virtue of an agreement with, or by consent of the owner, of such building or structure, or any person having authority from, or rightfully acting for, such owner, in procuring or furnishing such labor or materials, shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due to him, and the costs which may arise in enforcing such lien under this chapter, except as is provided in the following sections."

The law is well settled that one who buys land, pays a part of the purchase price, and takes possession under his

contract of purchase, is the owner of the land in equity. He may mortgage it, convey it to another, or devise it, and, if he dies intestate, it descends to his heirs. The vendor holds the legal title as trustee for the vendee, his heirs and assigns, and is bound to convey it, upon performance or tender of performance of the contract of sale. *Landrum* v. *Hatcher,* 11 Rich. L. 54; *Roddy* v. *Elam,* 12 Rich. Eq. 343; *Whitmire* v. *Boyd,* 53 S. C. 315, 31 S. E. 306.

We have no doubt that the legislature intended the word "owner" to include the owner of the equitable as well as the owner of the legal title. 27 Cyc. 29; 20 A. & E. Ency. L. 2 ed. 303.

Reversed.

MESSRS. JUSTICES WATTS *and* FRASER *did not participate.*