(122 So. 337)
**BENNETT REALTY CO. et al. v. ISBELL.**
(6 Div. 272.)

Supreme Court of Alabama. May 9, 1929.

Earl McBee and Frederick V. Wells, both of Birmingham, for appellants.

L. H. Ellis, of Columbiana, and Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

BOULDIN, J. The appeal is from a decree overruling demurrers to a bill in equity. The bill is by an original contractor to enforce a mechanic's lien or liens for labor and materials furnished in the erection of certain buildings under contracts with the owner.

Under former statutes both the right and the remedy being prescribed by statute, it was declared there was no jurisdiction to enforce such liens in equity unless fraud or other special ground of equity intervened. Chandler v. Hanna, 73 Ala. 390.

To remedy this the present statute declares: "No special ground of equitable jurisdiction need be alleged or proved." Code, § 8842. This does not mean, as appellee seems to conceive, that a bill need not contain the same averments as a complaint in an action at law, viz.: "Shall contain a description of the property on which the lien is claimed, and shall allege the facts necessary to entitle the plaintiff to the lien and the enforcement thereof." Code, § 8843.

The bill seeks to enforce a lien on five separate buildings erected for residences. It shows they were erected under distinct contracts of different dates; that a specified amount is due the contractor on each building; and that, since the commencement of work thereon, three of these buildings have been sold to separate purchasers, who were the owners at the time of bill filed. These purchasers are made respondents, and severally file demurrers. Passing over some grounds as too general, these demurrers clearly raise the point that the bill is multifarious.

Appellee relies upon Code, § 8839, as relieving the bill of this vice. This section is a revision of section 4761, Code of 1907, by the Code committee adding certain provisions designed to declare and enforce one lien upon a group of buildings and the lots on which they are erected in certain cases.

A kindred statute was enacted in 1901, construed in Cocciola v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 So. 856, but was not carried into the Code of 1907.

Three classes of group construction are covered by Code, § 8839: (a) Where "the improvement consists of two or more buildings *united together*, situated on the *same lot* or *contiguous* or *adjacent lots*"; (b) "*separate buildings* upon *contiguous or adjacent lots*"; (c) "where the machinery, material, fixture, engine, boiler, work or labor, has been furnished for improvements or structures which are located on *separate tracts* or *parcels* of land but operated as an *entire plant or concern*." (Italics supplied.) Such buildings or improvements must be "*erected under one general contract*." (Italics supplied.)

This is an inclusive provision applicable alike to classes (a), (b), and (c). The relations of all persons to the improvement, their several liens, and priorities grow out of the contract, express or implied. Hence the requirement of unity of contract as a basis for unity of lien on the group of improvements.

In Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90, we have held a bill filed under this amended statute is sufficient against demurrer if it follows the language of the statute in its averments.

This implies that such a bill shall, as in other cases, set forth the facts upon which such lien is claimed, as these facts are outlined in the statute.

We need not here go into a general discussion of the terms of the statute as applied to many conditions which may arise.

In the Grimsley Case, supra, the terms "contiguous or adjacent" are defined.

A discussion of similar statutes may be found in 40 C. J. p. 180, § 211, and notes citing the cases.

The present bill does not show "one general contract," but separate and distinct contracts; does not show the improvements are on "contiguous or adjacent lots," but shows they are on different surveys or town plots. It makes no case under the statute above mentioned. It seeks to enforce a lien on each building for the respective amount due for its construction.

We must deal with the bill, therefore, as one to enforce distinct liens on five separate residences, now held in separate ownership.

The bill is multifarious in that it joins in one suit distinct and separate transactions relating to separate properties, bringing in as necessary parties the several owners to participate in litigation with which each is in large part in no way interested, nor connected either through contract or through relation to the subject-matter.

Bills are not condemned as multifarious which aim to avoid multiplicity of suits, if there is some unity of subject-matter and the parties have some relation thereto in whole or in part.

But to permit many distinct suits to be united in one, wherein respondents must each stand by while matters with which he is unconnected in any way are litigated between other parties, does not materially relieve complainant of a multiplicity of suits; but, if so, he should not be permitted for his convenience to involve others in multiplied litigation by combining several distinct causes of action, with some of which respondents have no concern.

This is a typical case of a multifarious bill. Ford v. Borders, 200 Ala. 70, 75 So. 398; Singer v. Singer, 165 Ala. 145, 51 So. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102; Bentley v. Barnes, 155 Ala. 659, 47 So. 159; Alabama G. S. R. Co. v. Prouty, 149 Ala. 71, 43 So. 352; Handley v. Heflin, 84 Ala. 600, 4 So. 725; East v. East, 80 Ala. 199; Bolman v. Lohman, 74 Ala. 507.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.