(128 So. 137)

**WHITFIELD v. HOWARD et al.**

8 Div. 156.

Supreme Court of Alabama.

April 24, 1930.

172

Andrews, Peach & Almon, of Sheffield, for appellee.

BROWN, J.

The appeal is from a decree sustaining the demurrer of the appellee Clark to the original bill and amended bill.

■ The original bill was clearly subject to the objection that its averments did not bring the contract between Howard and the complainant within the provisions of the statute, in that it was not made to appear that the contract was made "with the owner or proprietor, or his agent, architect, trustee, contractor, or subcontractor."

■ The amended bill was also subject to the objection that its averments were inconsistent with the facts disclosed by the exhibit; the averment being that the building sought to be charged with a lien was "built by J. C. Howard and S. J. Howard, who was the agent, architect, trustee, contractor, or subcontractor of the respondent O. B. Clark and under and by virtue of a contract with the respondent, O. B. Clark, and as his agent, who was the owner or proprietor of said parcel of land," while it appears from the

Arthur L. Shaw, of Tuscumbia, for appellant.

copy of the contract attached and made a part of the bill, that J. O. Howard was the vendee of Clark, and had such equitable interest or title as made him an owner within the meaning of the statute. Code of 1923, § 8860; Gravlee v. Williams, 112 Ala. 539, 20 So. 952; Ridgeway v. Broadway, 91 S. C. 544, 75 S. E. 132; Salzer Lumber Co. v. Claflin et al., 16 N. D. 601, 113 N. W. 1036; Eastern Ohio Oil Co. v. McEvoy, 75 Kan. 515, 89 P. 1048; Sorg v. Crandall et al., 233 Ill. 79, 84 N. E. 181; Crutcher et ux. v. Block, 19 Okl. 246, 91 P. 895, 14 Ann. Cas. 1029.

The averments of the bill as originally filed and as amended are not technically accurate in respect to filing the verified claim, the averment being that it was filed "in the Probate Court," while the statute requires that it be filed "in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated." Code of 1923, § 8836; Wilbourne et al. v. Mann et al., 203 Ala. 26, 81 So. 816.

The effect of the amendment was not to work an entire change of parties complainant, but merely to join the appellant Whitfield as a cocomplainant with the Muscle Shoals Supply Company. While it is a well-settled rule of equity pleading that the party really interested must sue in his own name, and may not sue in the name of a third person as nominal complainant for his use, still where there is a reason a nominal complainant may be joined with the complainant really interested. Moore et al. v. Pope, 97 Ala. 462, 11 So. 840; 21 C. J. p. 304, § 304.

The decree of the circuit court is free from error and is due to be affirmed, but inasmuch as it did not dismiss the bill, and it appearing that the bill can probably be amended so as to conform to the rulings on the demurrer, it will be affirmed with leave to the complainants to amend the bill as they may. be advised, within twenty days from the judgment of affirmance.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.