(135 So. 580)

## SIMS v. TAYLOR et al.

### 7 Div. 17.

Supreme Court of Alabama.
June 18, 1931.

Inzer, Inzer & Davis and Frank J. Martin, all of Gadsden, for appellant.

Hood & Murphee and O. B. Roper, all of Gadsden, for appellees.

**SAYRE, J.**

Quite a number of complainants have joined in the bill in this cause praying for "a decree in favor of complainants, separately and severally, fixing the amount due to each and the total amount due complainants, and that a lien be declared in favor of each complainant and that a decree of sale be entered ordering the said lots and houses thereon to be sold for the satisfaction of said liens." The purpose of the bill is to have declared and enforced liens according to section 8832, declaring liens in favor of mechanics and materialmen. We presume the joinder of parties complainant is made in virtue of section 8844 of the Code. No objection to the bill is taken on account of this joinder, and we have considered none. Grounds of demurrer raising other questions were overruled in the court below, after which this appeal.

It is averred in the bill of complaint as last amended that Sims, one of the parties defendant, sold the lots on which a lien is sought, or, rather, agreed to sell them, to W. J. Cloud, another of the parties defendant, and the further averment is that "by the consent and approval of the purchaser complainant has brought into this court (the circuit court sitting in equity) and deposited with the register of this court the balance of the purchase money on said lots for the said J. R. Sims with interest thereon from February 10, 1929, and tenders the same to said Sims in payment for said lots." Cloud, the purchaser from Sims, makes no complaint of the decree.

■ For one thing, it is urged on behalf of Sims that the bill contains no averment that Cloud in making contracts with complainants was acting for him (Sims) the owner, or as "his agent, architect, trustee, contractor or subcontractor," citing Whitfield v. Howard, 221 Ala. 171, 128 So. 137. The answer to this proposition fully sustained by the cited case is the statute, section 8860 of the Code, which provides that "every person * * * for whose use, benefit, or enjoyment any building or improvement shall be made, is embraced within the words 'owner or proprietor,' as used in this article," to wit, article 1 (section 8832–8862), dealing with the liens of mechanics and materialmen, of chapter 314 of the Code (sections 8832–8938). And the averment is that the contracts which complainants would enforce were made with Cloud, who was acting therein for himself and who, according to the statute, must, under the averments of the bill as last amended, be treated as the owner. Under the facts alleged the interest of Sims, appellant, was protected by the deposit with the court of the amount remaining to be paid to Sims, and he has no just grounds of complaint as to that.

■■ The contract of sale by Sims to Cloud embraced eight lots. The bill seeks to have declared a lien on two buildings which have been erected on four of the lots, each building resting upon two of the lots, and upon the four lots. Obviously appellant, Sims, has no cause of complaint that a lien is not sought on all of the lots. As for the lots upon which a lien is sought, the averment is that they are "contiguous or adjacent," and the statute, section 8839 of the Code, authorizes the declaration of a lien upon lots and the superimposed buildings so related. In other words, the statute authorizes the declaration and enforcement of a lien upon buildings or improvements so situated and the lots upon which they are situated. Code, § 8839; Tallapoosa Lumber Co. v. Roy Copeland, ante, p. 41, 134 So. 658. There is nothing to the contrary in Whitfield v. Howard, 221 Ala. 171, 128 So. 137.

In the next place it is insisted that the contract by which Cloud purchased the lots from appellant, Sims, was not in writing. There was a contract by the terms of which appellant agreed to sell and Cloud agreed to purchase the lots here in question, along with others, the same being set out on pages 16 and 17 of the transcript. This contract was in writing and signed by both Sims and Cloud. There is then nothing in the grounds of demurrer raising this question.

■ If, as the bill avers, complainant tenders the amount of the purchase money due according to contract from Cloud to Sims, then the latter has no further interest in the property, and to him it is of no consequence that the bill contains no averment of the separate amounts due to each of the parties complainant. The amounts due to some of them are stated. As for some other of them the amounts are not stated. Cloud might well complain of this deficiency in the bill, but he does not. Moreover, the several grounds of demurrer are addressed to the bill as a whole, and, as we have said before, no objection is taken to the joinder of several claims in one bill.

The decree overruling Sims' demurrer to the bill of complaint as last amended is free from error and will be affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.