160 So. 229

## CLARK v. INGRAM et al.
### 8 Div. 632.

Supreme Court of Alabama.
March 21, 1935.

Andrews, Peach & Almon, of Sheffield, for appellant.

Nathan & Nathan, of Sheffield, for appellees.

GARDNER, Justice.

Complainants seek the enforcement of their statutory lien as mechanics and materialmen on a certain two-story dwelling erected on lot 10, block 5, city of Tuscumbia. Their labor and material were supplied under contract with one Howard, purchaser of the lot under written contract with defendant Clark, paying $50 cash, and who was placed in possession of the lot by said defendant. There were deferred payments, one of $50 falling due July 20, 1927, on which Howard defaulted. But Clark did not treat the contract at an end, as therein provided. On the contrary, he permitted Howard to remain in possession of the lot and proceed to the erection of the dwelling, as originally contemplated in the contract.

The conduct of Clark, under these circumstances, must be held to constitute a waiver of the forfeiture, and to manifest his intention to treat the contract of sale as subsisting. 39 Cyc. 1608; Isom v. Johnson, 205 Ala. 157, 87 So. 543.

On former appeal, sustaining the equity of the bill, the holding was that Howard, as the vendee of Clark, after payment of part of the purchase money and construction of the building in part compliance with the contract, had such interest in the property as made him the owner or proprietor within the meaning of section 8860, Code 1923. Ingram v. Howard, 221 Ala. 328, 128 So. 893. Clark knew the building was being erected, and we think the evidence also sufficient to show that he was also aware that Howard was incurring indebtedness therefor, though he had not complied with the mortgage provision of the contract.

While complainant Russell and Clark differ as to the details of their conversation (the former insisting that Clark encouraged him in installing, without cash in hand, the hot-air furnace in the dwelling, and the latter denying the same, contending he warned Howard of the risk involved), yet all of their proof tends to show Clark's knowledge of the erection of the building on credit extended by those who were dealing with Howard as owner of the lot, and as one in a position to make such a contract as would support the statutory lien. Upon completion of the building, Clark took possession, and has received the rents therefrom, with which he is properly charged, after being credited with expenditures of taxes, insurance, and necessary repairs. Forrester v. Granberry, 211 Ala. 402, 100 So. 551.

The decree subordinates complainants' lien as to the lot to that of Clark for any balance that may be due him for the purchase money, and of this, of course, he cannot be heard to complain. The chancellor was justified also, under our decisions, in ordering a sale of the house and lot as a whole, rather than separately, if deemed to the best interest of all concerned, and an adjustment of the equities of the parties from the proceeds of the sale. Baker Sand & Gravel Co. v. Rogers Plumbing & Heating Co., 228 Ala. 612, 154 So. 591; Grayson v. Goolsby, 224 Ala. 75, 139 So. 106; Wood Lumber Co. v. Greathouse, 226 Ala. 644, 148 So. 125; Becker Roofing Co. v. Jones, 225 Ala. 638, 144 So. 865.

In order that complainants may, if they so desire, satisfy Clark's lien and avoid the sale, the decree provides for the payment to Clark of the amount found to be due him on a reference, whereupon Clark is to execute to them a warranty deed to the premises, based upon the theory that the contract of sale so provided for such warranty deed. But this feature of the decree overlooks the averments of the answer, sustained by the undisputed proof, that a lien has been fastened on the property for paving assessment by the city, subsequent to the contract between Clark and Howard, and, indeed, subsequent to the completion of the house. A lien of this character was clearly not in contemplation of the par-

ties to the contract of purchase, and any stipulation as to warranty was therefore not intended to include such after established lien. 66 Corpus Juris 935, 982, and 1047. The stipulation, therefore, for the warranty deed should embrace, as an exception thereto, the paving assessment lien.

■ It follows also that, upon a sale of the property, the purchase would be subject to such lien.

In the respect indicated, therefore, the decree will be here corrected, and, as corrected, will be affirmed.

Let the costs of this appeal be taxed equally between defendant Clark and complainants.

Corrected, and affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.