6 So.2d 477

**POLAKOW et al. v. RUMSEY.**

7 Div. 681.

Supreme Court of Alabama.

Feb. 19, 1942.

366

D. G. Ewing, of Birmingham, for appel-
lants.

C. W. Stringer, of Talladega, for appellee.

THOMAS, Justice.

The bill was filed to enforce a materialman's lien against real estate which had been subdivided into lots. The demurrer was overruled.

The statute as now codified is to be found in Code 1940, T. 33, § 37 et seq.

In Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90, 91, it was declared:

"The bill and its exhibit, with the usual leave of reference, constitute the pleading of complainant, and demurrer directed thereto will be so referred and tested. The exhibit attached to the bill when treated as a part thereof on demurrer in proper circumstances aids and supplements the bill.

* * * The pleading when so considered together shows the complainant had a contract with, and that the materials were furnished to and debt incurred by contract with, the owner or proprietor of the property improved therewith.

*       *       *       *       *

"In this jurisdiction it is declared that the mechanic's lien attaches and has priority over mortgages and other incumbrances given or recorded and attaching after the building or improvement was commenced. * * * And it is established that as against mortgages and trust deeds a mechanic's lien takes precedence according to the time when it attached to the property in its improvement. * * * And that when the property is subject to a mortgage or other incumbrance at the time of the accrual of a mechanic's lien, such incumbrance retains its priority. * * *"

See the cases of Walker v. Scott Lumber Co., 222 Ala. 604, 133 So. 695; Sturdavant v. First Ave. Coal & Lumber Co., 219 Ala. 303, 304, 122 So. 178.

The property on which the lien is claimed is described with certainty. Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266. In order to enforce lien in one suit on several lots, it is necessary to aver and show that the material was furnished and went therein under one contract. Code 1940, T. 33, § 45.

In Bennett Realty Co. v. Isbell, 219 Ala. 318, 319, 122 So. 337, multifariousness is considered on the authorities cited.

It is conceded by appellee that the decree must be reversed for required amendments pursuant to the statute. Bennett Realty Co. v. Isbell, supra; Grimsley v. First Ave. Coal & Lumber Co., supra.

It is insisted by appellant that this court should not only reverse the decree of the trial court, but should cause a decree to enter sustaining demurrer and rendering said cause, putting an end to further litigation and the unnecessary expense thereof.

We are of the opinion and hold that the decree of the circuit court should be and it is hereby reversed and the cause remanded in order to permit the necessary amendments to the bill.

Reversed and remanded.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.