60 So.2d 384

## STALEY v. WOODRUFF et al.

### 8 Div. 619.

Supreme Court of Alabama.

Aug. 27, 1952.

572

McDonnell & Jones, Sheffield, and Patrick B. Harris, Smith & Tompkins and. Arthur L. Shaw, Tuscumbia, for appellees.

F. E. Throckmorton, Tuscumbia, and Wayne H. Weaver, Haleyville, for appellant.

SIMPSON, Justice.

This appeal is from a decree declaring: liens of mechanics and materialmen upon. a house and the city lot upon which it is. situated and ordering a sale of the property in satisfaction of the liens. A number of complainants joined in the bill, asserting separate claims for items of material and labor furnished to one Cox and going into the construction of the house. It. appears that Staley, appellant here, was the record owner of the lot and that he entered into an agreement with Cox for the purchase and sale of the lot for a consideration payable in installments; that Cox. made a cash payment and was put in possession; that Staley knew that Cox proposed to build upon the lot and that he would incur indebtedness in that regard and knew of the work of construction as it progressed. It is alleged that at the time of filing the bill there was a balance of $162 due by Cox to Staley on the purchase of the lot and that Staley was. entitled to a prior lien for this amount. It is prayed that the liens in favor of complainants be made subordinate to the lien of Staley. There are other averments as. to the filing of claims of liens in conformity with the statutes. No demurrer was. interposed to the bill as amended, and we are here concerned with no question as to. its sufficiency.

Cox suffered a decree pro confesso and did not join in the appeal. The evidence, given orally in open court, tends to show the following:

Under date of August 6, 1948, Staley and Cox executed what is denominated a "contract or bond for title," whereby Staley agreed to sell to Cox the lot described for a consideration of $10 cash—receipt of which was acknowledged—and the execution of a promissory note in the amount of $215, payable $10 per week, with interest at six per cent. Upon full payment of the purchase price by Cox, Staley obligated himself to execute a deed to Cox. In event of failure on the part of Cox to meet the payments when due, and being in default for thirty days, it is stipulated that Cox should forfeit his rights under the contract.

Within some three weeks after Cox had made his initial payment and had been put into possession of the lot by Staley, he started work on the house. Staley knew of his purpose to build and came upon the premises and gave some assistance in locating the lines of the property and in laying out the foundations. At a little later time he sold to Cox a set of blueprints to be used in the building of the house. Cox apparently did a considerable amount of the work himself and supplied some of the materials. Beginning in December, 1948, the complainants furnished materials and labor, and continued to do so until February, 1949. After most of the material had been delivered, one of the complainants was engaged to take over or superintend the construction. Apparently the house was completed soon after the furnishing of the last materials in February, 1949. The statements of lien were filed in May, in compliance with the statute, and this suit was instituted in July of 1949.

Cox did not make his payments upon the purchase of the lot in strict conformity with his agreement, but Staley admitted that he waived a forfeiture on this account and manifested an intention to treat the contract as subsisting, stating that he knew Cox was putting all he had into the house. Whether or not Staley knew of the specific arrangements Cox made with the several claimants is in dispute. All of the negotiations for labor and materials were made by and with Cox, and no formal notices of supplying these items were given by the claimants to Staley. The claimants, in each instance, relied upon Cox's interest in the lot and upon his agreement to procure a loan after the house was completed for the purpose of discharging his indebtedness to the complainants. But it is clear that Staley knew of the building as it progressed and knew that Cox proposed to obtain a loan from someone to pay for the building of the house.

There is some evidence that Staley "foreclosed" the purchase contract and put Cox out of possession. Just how this was accomplished does not appear, but whatever action he took was taken long after the suit had been instituted and after he had been served with summons as a party respondent. It further appears that after the purported foreclosure, Staley sold the *lot*—not the house—to one Peters, and that Peters took possession of the house, all with full knowledge of the pending litigation.

The trial court entered a decree fixing the amount due each of the complainants and declared liens in their favor upon the house and lot, subject, however, to the prior lien of Staley for the unpaid balance of the purchase price of the lot, with interest, and ordered a sale of the property in event the liens declared be not discharged, within the time allowed, by the respondent Cox. From this decree Staley alone appeals.

The principal insistence for error advanced by appellant is that he, and not Cox, was the "owner or proprietor" of the property within contemplation of the lien statute, Code 1940, Title 33, § 37, and that for the liens to arise the complainants, claimants, must have given him notice of the furnishing of labor and materials going into the construction of the house. This insistence cannot be sustained. The statute creates a lien in favor of those furnishing labor or materials for any building or improvement on land, "under or by virtue of any contract with the owner or pro-

prietor thereof". Code, Title 33, § 37. Section 63, Title 33, provides that "Every person, including married women and cestuis que trust, for whose use, benefit, or enjoyment any building or improvements shall be made, is embraced within the words 'owner or proprietor,' as used in this article." Construing the two statutes together, it is clear, as we have often held, that a vendee in an executory contract of purchase who has paid a part of the purchase price and been put into possession of land, and who has contracted for the construction or improvement of a building upon the land, within the terms or contemplation of his contract of purchase, is an "owner or proprietor" within the purview of § 37, Title 33 of the Code. Sims v. Taylor, 223 Ala. 280, 135 So. 580; Ingram v. Howard, 221 Ala. 328, 128 So. 893; Clark v. Ingram, 230 Ala. 160, 160 So. 229; Whitfield v. Howard, 221 Ala. 171, 128 So. 137.

It follows that since Cox was a person embraced within the words "owner or proprietor," as used in the statute, he was the person upon whom any notice required by the statute was due to be served. There was no requirement for service of notice upon Cox's grantor, Staley, as a condition to the fastening of a lien upon whatever interest Cox had in the property.

 We have referred to the evidence relating to a belated forfeiture or foreclosure undertaken by Staley and sale of the land by him to a third party. We deem it appropriate to point out that these subsequent transactions could have no bearing upon the rights of the appellees. It was the state of the title to the property as it existed at the time the labor and materials were contracted to be furnished that fixed the rights of the parties. In the case of Benson Hardware Co. v. Jones, 223 Ala. 287, 289, 135 So. 441, 442, we said:

> "The statute, section 8832 of the Code [1923—now § 37, supra], provides a lien for work and materials done and furnished under contract with the owner or proprietor, meaning of course the owner or proprietor at the time of the contract, and means further that such lien attaches from the commencement of the building or improvement, subject, however, to be defeated if claim is not verified and filed with the judge of probate within the time prescribed. * * *"

See, also, Polakow v. Rumsey, 242 Ala. 365, 6 So.2d 477.

We do not undertake to pass upon any right, if any, of the appellant's purported grantee, Peters. He is not mentioned in any of the pleadings or elsewhere to indicate that he is a necessary party to the suit. He is not before the court.

Staley, the appellant, having sold or agreed to sell the land involved to Cox, treating the contract of purchase as subsisting, had at the time of the commencement of the work and at the time of the perfection of complainants' liens, no interest in the land exceeding the unpaid balance of the purchase money, with the right of declaring a forfeiture under conditions stated, but which he did not exercise or seek to exercise until long after the suit was filed. The evidence tends to show that complainants offered to pay to him this unpaid balance with interest, but he refused to accept the same. The decree having fully protected his interest by judgment for that amount as a preferred claim, he has obtained that to which he was entitled.

We conclude the decree was proper.

Affirmed.

LIVINGSTON, C. J., and FOSTER, LAWSON and GOODWYN, JJ., concur.