70 So.2d 417

### CRESON v. MAIN.

3 Div. 619.

Supreme Court of Alabama.

Aug. 6, 1953.

Rehearing Denied Feb. 25, 1954.

Jack Crenshaw and Wm. S. Duke, Montgomery, for appellant.

Steiner, Crum and Baker, Montgomery, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from an interlocutory decree overruling a demurrer to a bill in equity filed by J. M. Main, doing business as Main Plumbing and Heating, against Joe Hull and wife and Mrs. Mary Lillian Creson.

The bill, as amended, is in material substance, as follows:

On September 29, 1947, complainant entered into a written contract with respondents, Mr. and Mrs. Hull, whereby complainant agreed to furnish, and did furnish, all necessary material and labor to install the plumbing and heating system for and as directed by respondents Hull in the residence situated upon a lot specifically described in the City of Montgomery, in converting said residence into apartments; said contract being upon a cost-plus basis. Complainant entered upon the performance of said work on October 1, 1947, furnished and installed various types of plumbing fixtures, etc., furnished materials and labor, and completed the work on October 29,

1947; whereby, it is alleged, respondents Hull became and are indebted to him in the sum of $2,101.62, all of which became due upon the completion of the contract, and is yet due complainant and unpaid.

A copy of the contract under which the work was done and materials furnished is made an exhibit to the bill. It is alleged that a verified claim, as required by Code 1940, Tit. 33, § 41, was filed in the office of the Probate Judge of Montgomery County on January 14, 1948. Copy of the claim is also made an exhibit.

It is alleged that while at the time of entering into said contract, and of entering upon and during performance thereof, complainant had no notice or knowledge of the claim of any other person or party, he is now, and since said work has been completed, informed that respondents Hull were, in March, 1947, let into possession of said property by respondent Mrs. Creson, who had the legal title thereto, under what is commonly called an installment purchase agreement, in writing, whereby respondents Hull were to pay Mrs Creson as the purchase price for the property $13,000, with interest, $500 to be paid in cash, and the balance payable in monthly installments of $150; that such payments have been made and that respondents Hull have remained and are still in possession, occupancy, and enjoyment of said property under said contract. (A copy of this contract is made an exhibit to the amended bill.)

It is further alleged that the building, before installation of the system by complainant, was suitable only as a one, or possibly two, family residence, which, with the lot on which it was situated, was of the reasonable value of $10,000 to $12,000, with rental value of $75 to $100 per month; by reason of such conversion, repairs and improvements, the value of the property as a whole has been increased by some $4,000 to $5,000, and the rental value increased to some $450 per month, to which increased value complainant contributed by his work, labor and materials supplied and installed the amount of $2,200 or more, an amount in excess of his claim. It is alleged that respondent Creson had notice of and was aware of the fact that the work was being done by complainant.

By amendment, some subsequent litigation between the Hulls, on the one side, and Mrs. Creson, on the other, is shown; it being alleged that Main was not a party thereto and not bound thereby. Decrees in such litigation are exhibited. It appears that thereby a forfeiture, under the terms of the contract between the Hulls and Mrs. Creson, taken by the latter as for failure of compliance with the contract oin the part of the former, was set aside at the suit of the Hulls. While it does not appear with certainty from the exhibits what the present state of the title is, some observations in the briefs would indicate that, by reason of subsequent dealings between the parties, or perhaps a modification of the decree on rehearing, the final decree exhibited does not now reflect the state of the title. But this matter is without material bearing upon the rights of the real parties, Main and Mrs. Creson, under the present bill. It is the state of the title to realty as it existed at the time the labor and materials were contracted to be furnished that fixes the rights of the parties. Staley v. Woodruff, 257 Ala. 571, 60 So.2d 384.

The prayer of the bill, as amended, is for a decree against the Hulls for the amount of the indebtedness claimed; for the establishment of a lien, under Code 1940, Tit. 33, § 37, on the property and the improvements thereon, either or both as may be determined by the court; that respondent Creson be required to propound any claim that she may have to the property, to the end that such claim may be ascertained, determined and adjudged; and that if not entitled to a general lien upon the property or the house, that complainant be permitted to remove such of the installations as might be removed without substantial damage to the building. There is also a prayer for general relief.

While numerous grounds of demurrer were assigned by the respondent Creson, the brief for this appellant thus summarizes:

"The propositions raised by these demurrers were: One, that the Respondent, Mary Lillian Creson, was the owner of said property and the Complaint showed that no contract was made by the Complainant with the Respondent, Mrs. Mary Lillian Creson, for the work and labor done and materials furnished to the Respondents Hull * * *. Two, that the Complainant's rights to the lien were only against the interest of the Respondents Hull in the property, and that the rights of the Respondent, Mary Lillian Creson, were superior and prior to any lien claimed by the complainant."

It should be here observed that the respondents Hull are not before us on this appeal, it appearing that Mr. Hull died pending the litigation, and the suit was abated as to him, and that Mrs. Hull suffered a decree pro confesso below. Mrs. Creson was the sole demurrant and is the sole appellant.

On the questions presented by the bill and its amendments and the demurrers, as summarized, our recent decision in the case of Staley v. Woodruff, 257 Ala. 571, 60 So.2d 384, 386, is very much in point. In that case, as in the case now before us, the contract for the work was made by one in the position of vendee in an executory contract of purchase. There, as here, it was insisted that the vendor, record owner of the legal title to the property, is the "owner or proprietor," within the purview of Code 1940, Tit. 33, § 37, creating the lien. In that case, we held:

"The principal insistence for error advanced by appellant is that he, and not Cox, was the 'owner or proprietor' of the property within contemplation of the lien statute, Code 1940, Title 33, § 37, and that for the liens to arise the complainants, claimants, must have given him notice of the furnishing of labor and materials going into the construction of the house. This insistence cannot be sustained. The statute creates a lien in favor of those furnishing labor or materials for any building or improvement on land, 'under or by virtue of any contract with the owner or proprietor thereof'. Code, Title 33, § 37. Section 63, Title 33, provides that 'Every person, including married women and cestuis que trust, for whose use, benefit, or enjoyment any building or improvements shall be made, is embraced within the words "owner or proprietor," as used in this article.' Construing the two statutes together, it is clear, as we have often held, that a vendee in an executory contract of purchase who has paid a part of the purchase price and been put into possession of land, and who has contracted for the construction or improvement of a building upon the land, within the terms or comtemplation of his contract of purchase, is an 'owner or proprietor' within the purview of § 37, Title 33 of the Code. Sims v. Taylor, 223 Ala. 280, 135 So. 580; Ingram v. Howard, 221 Ala. 328, 128 So. 893; Clark v. Ingram, 230 Ala. 160, 160 So. 229; Whitfield v. Howard, 221 Ala. 171, 128 So. 137.

"It follows that since Cox was a person embraced within the words 'owner or proprietor,' as used in the statute, he was the person upon whom any notice required by the statute was due to be served. There was no requirement for service of notice upon Cox's grantor, Staley, as a condition to the *fastening of a lien upon whatever interest Cox had in the property.*" (Emphasis supplied.)

Appellant cites and relies upon our cases of Eatman v. Nuckols, 251 Ala. 544, 38 So.2d 494, and Buettner Bros. v. Goodhope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75. Neither of these cases in anywise militates against our holdiing in Staley v. Woodruff, supra. In the Eatman case, the effort was to fasten liens upon two distinct parcels of land, separately owned, and the lien was denied as to that parcel, the owner of which was not a party to the contract with the materialman

and to whom no notice was given. In the Buettner case, the lien was denied as against the property of the church, where the contract was not with the church or its trustees or agents, legally capable of contracting in the name of the church, but by individuals not so authorized.

Appellant's second proposition is thus stated: "As to prior title or encumbrances, a mechanic's or materialman's lien shall have priority only against the building or improvements, which is an entirety separable from the land, building or improvements, subject to the prior encumbrance and which can be removed therefrom without impairing the value or security of such prior right." In support of this proposition, there are cited the statute, Code 1940, Tit. 33, Sec. 38, as presently codified, and embracing the Act of 1933, Ex.Sess., p. 54, and Harden v. Wood Lumber Co., 235 Ala. 310, 178 So. 540.

■ This proposition cannot avail appellant here on the question of the demurrer to the bill. In the first place, we do not interpret appellee's bill as seeking anything more than the enforcement of a lien against the Hulls' interest in the property, thus recognizing appellant's priority, as vendor in the executory contract. But if the bill be interpreted as seeking a priority in establishing and enforcing his lien, it would not be subject to demurrer. When a bill is sufficient in its allegation of facts to make a case for equitable relief and contains a proper prayer, it is not demurrable because it prays for unwarranted relief. Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507.

But further on in appellant's brief this proposition is elaborated, and the contention seems to be that in view of appellant's prior right as vendor, the appellee could in no event have a sale of the whole property even subject and in subordination to the prior lienholder or encumbrancer. Properly interpreted, Sec. 38, Tit. 33 of the Code, is what it purports to be, a statute fixing priorities of liens in the situations therein stated. Section 37 declares the lien in favor of the mechanic or materialman

under contract with the owner or proprietor upon land and building. As we have shown above, Sec. 63 makes the vendee in an executory contract of purchase an owner or proprietor. In Staley v. Woodruff, supra, we held that the lien attached to the land and the improvement *to the extent of the vendee's interest,* thus, without specific reference to Sec. 38, giving effect to its provisions with respect to priority of the lien of the vendor. Harden v. Wood Lumber Co., supra, relied upon by appellant, dealt with a situation wherein the improvement was made upon leased land and involved the administering of what is now Sec. 39, Tit. 33 of the Code, in the light of Sec. 38, same title. It took account of the distinction between a freeholder and a leaseholder. The Harden case is not authority for the proposition that in a case such as this there might not, in adjusting the equities between the parties, be a sale of the whole property, observing the priorities fixed by the statute. We reiterate that the bill is sufficient to call for some relief, and is not subject to objection even if praying for unwarranted relief.

What we have said hereinabove is sufficient, we think, to dispose of the contentions for error pressed upon us, and to support our conclusion that the court below properly overruled the demurrer. We respond to another proposition advanced in appellant's brief, that the mechanic's and materialman's lien is purely statutory and the court cannot extend the statute to meet circumstances not provided by the statute, citing First Colored Cumberland Presbyterian Church v. W. D. Wood Lumber Co., 205 Ala. 442, 88 So. 433, and Buettner Bros. v. Goodhope Missionary Baptist Church, supra. We recognize the correctness of this principle, but we think that it is without application here. We construe the bill as seeking relief only under the lien statutes, Tit. 33, § 37 et seq. of the Code. But if not, it would not be subject to demurrer because of seeking unwarranted relief, as we have hereinbefore pointed out.

We conclude that the decree appealed from overruling appellant's demurrer to

the bill, should be affirmed, with the right, of course, to the respondent to answer within the time allowed.

Affirmed.

All the Justices concur.