135 So.2d 160

**SHEPHERD PLUMBING AND HEATING COMPANY et al.**

v.

**Joe J. BEDFORD et al.**

**6 Div. 644.**

Supreme Court of Alabama.

Nov. 16, 1961.

Geo. I. Case, Jr., and McGowen & McGowen, Birmingham, for appellants.

88

Frank Marsh, Bessemer, for appellee Segars.

STAKELY, Justice.

Shepherd Plumbing and Heating Company a partnership and Hugh Herbertson (appellants) filed their bill in the equity court against Joe J. Bedford and D. W. Segars, Jr., to enforce a mechanic's lien on certain lots in the Bessemer Division of Jefferson County described as lots 1 through 6 according to map of Joe Bialas' addition to Hueytown as recorded in the Bessemer Division of the probate office of Jefferson County. A decree pro confesso was taken against Joe J. Bedford. The case was tried orally before the court on the bill and answer of the respondent D. W. Segars, Jr., with the result that the court entered a final decree in favor of A. G. Shepherd, Sr., and A. G. Shepherd, Jr., partners, doing business as Shepherd Plumbing and Heating Company against Joe J. Bedford in the amount of $4,929 and a decree in favor of Hugh Herbertson against Joe J. Bedford in the amount of $1,182.70. It was provided in the decree that the complainants have no lien against the real estate described in the bill and which has been heretofore referred to. (A decree of this nature has been approved by this court. Lockhart v. O'Neal, 253 Ala. 254, 44 So.2d 17).

The appellants separately and severally assign as error the following:

"a. The failure of the court to decree a mechanic's lien in support of the judgment rendered in favor of appellant, Shepherd Plumbing and Heating Co., et al.

b. The failure of the court to decree a mechanic's lien in support of the judgment rendered in favor of appellant, Hugh Herbertson.

c. The failure of the court to subordinate the claim and title of appellee, D. W. Segars, Jr., to the claims and liens of each complainant to the land and improvement described in the Bill of Complaint.

d. The failure of the court to decree mechanic liens in favor of each of the complainants upon the land and the improvements described in the Bill of Complaint."

Joe J. Bedford did not testify. While we shall not attempt to set out all of the evidence we think the following is a statement of the salient facts shown by the evidence. The contracts with the appellants were made with Joe J. Bedford in April and May 1959 who told them that he was the owner of the property. At the time the contracts were made with the appellants Mr. and Mrs. Joe Bialas were the owners of the legal title to the property. Mr. and Mrs. Joe Bialas, however, delivered deeds to Joe J. Bedford to lots 1 through 6 as stated above on July 7, 1959. At that time six houses on each of the above said lots were under construction. On July 7, 1959, at the time deeds to each of the lots were delivered to Joe J. Bedford, the consideration for each deed was paid to Mr. and Mrs. Joe Bialas in the amount of $6,000 being at the rate of $1,000 per lot. Immediately Joe Bedford and wife conveyed the suit property to D. W. Segars, Jr., and all seven deeds were recorded on July 7, 1959. The appellants and Joe Bedford and D. W. Segars, Jr., all knew that the work on each of the six lots was in progress. The Shepherd Plumbing and Heating Company as to three of the houses completed their contract in August or September 1959. For various reasons, one of which was a strike, the work of the Shepherd Plumbing and Heating Company on the remaining three houses was not completed until March 2, 3 and 4, 1960. A lien claim for the work done by Shepherd Plumbing and Heating Company was filed on May 2, 1960.

The work by Hugh Herbertson, one of the appellants, was commenced on May 20, 1959 and was completed on October 29, 1959. The work done on the houses and lots by the Shepherd Plumbing and Heating Company may be generally described as plumbing installations and work in connection therewith. The work done on the houses and lots by Hugh Herbertson may be generally described as tile work and flooring.

■ I. It is insisted by the appellants that the court was in error in refusing to enforce a lien on the lots in their behalf for the work and labor done by them respectively on the houses located on the six lots. The appellee takes the position first that at the time the contracts were made and the work commenced Joe Bedford did not own the lots but that the lots were owned by Mr. and Mrs. Joe Bialas. Under Section 37, Title 33, Code of 1940 it is provided in substance that material—contractors upon furnishing labor and material under a contract with the owner or his agent are entitled to a mechanic's lien upon the land and the improvements thereon when the labor and material went into permanent improvement of the real estate. Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360; David Lupton's Sons Const. Co. et al. v. Hugger Bros. et al., 227 Ala. 25, 148 So. 610. As to what is meant by "the owner or his agent" under Section 37, Title 33, Code of 1940 is a question which we should decide. For example in the case of Staley v. Woodruff et al., 257 Ala. 571, 60 So.2d 384, 386, Staley was the record owner of a lot and he entered into an agreement with Cox for the purchase of the lot for a consideration payable in installments. Cox made a cash payment and was put in possession. Staley knew Cox proposed to build upon the lot. J. B. Woodruff then did work on the construction of a house on the lot. This court said:

"The principal insistence for error advanced by appellant (Staley) is that he, and not Cox, was the 'owner or proprietor' of the property within contem-

plation of the lien statute, Code of 1940, Title 33, § 37, and that for the liens to arise the complainants, claimants, must have given him notice of the furnishing of labor and materials going into the construction of the house. * * *'

"Construing the two statutes together, (Code, Title 33, § 37, Section 63, Title 33) it is clear, as we have often held, that a vendee in an executory contract of purchase who has paid a part of the purchase price and been put into possession of land, and who has contracted for the construction or improvement of a building upon the land, within the terms or contemplation of his contract of purchase, is an 'owner or proprietor' within the purview of § 37, Title 33 of the Code."

It will be recalled that at the time the appellants made their agreement with Joe J. Bedford to furnish the labor and materials, which they did furnish, the legal title to the property was held by Mr. and Mrs. Joe Bialas. While the work was in progress Mr. and Mrs. Bialas conveyed the legal title to Joe J. Bedford on July 7, 1959. At that time Joe J. Bedford and D. W. Segars, Jr., and the appellants were all aware that the work was in progress. In dealing with a situation where the materials are furnished or the work done and the legal title is conveyed during such period this court in Grimsley v. First Avenue Coal and Lumber Company, 217 Ala. 159, 115 So. 90, 92, said at one point in the opinion "The fact that the work is in progress * * * conveyances made during that time are made subject to the mechanic's rights." On a rehearing this court further said:

"In the case at bar, new houses are under construction. In such case the recognized principle is that: 'The fact that the work is in progress is notice to all of the rights of the mechanic, and all conveyances made during that time are subject to the mechanic's rights. * * *"

Since deeds to the property were made to Joe J. Bedford on July 7, 1959 and on the same day a deed was made by Joe Bedford and wife to D. W. Segars, Jr., we consider that D. W. Segars, Jr., was the owner within the meaning of Section 37, Title 33, Code of 1940. Both the appellants and Joe Bedford and D. W. Segars, Jr., were fully aware of the situation except that at the time the contracts were made the appellants had no actual notice that Mr. and Mrs. Joe Bialas held the legal title to the property. We think that so far as Section 37, Title 33, Code of 1940 is concerned the court was in error in failing to allow the complainants a lien on the property. In saying this we are limiting the opinion solely to Joe Bedford and D. W. Segars, Jr.

■ II. It is further insisted that each of the complainants is not entitled to a lien because each did not file a lien claim within six months as required by Section 42, Title 33, Code of 1940. In the case of Shepherd Plumbing and Heating Company the work was commenced by them on or about April 29, 1959 and was completed on March 4, 1960. The lien claim was filed on May 11, 1960. It is true that there was a hiatus between the completion of three of the houses and the three remaining houses but we do not think that this affects the situation since all of the work was done under one contract though performed on six separate lots. The account between the Shepherd Plumbing and Heating Company and Joe Bedford was an open and running account and the lien claim was filed within six months after the completion of the contract.

■ Hugh Herbertson began his work on May 20, 1959 and completed his work on October 29, 1959. He filed his lien claim on April 29, 1960, which is within the six months period required by the statute. Section 2, Title 1, Code of 1940; Odom v. Odom, 272 Ala. 164, 130 So.2d 10. We conclude that Hugh Herbertson is entitled to a lien on the property on each of the six lots

for the materials furnished and labor done on each of these six lots.

Since the court denied each of the appellants the right to a lien on the six lots we are reversing the decree of the lower court and remanding the cause to the lower court so that the court can render a decree in accordance with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.