EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an action to enforce a material-man’s lien.
The salient facts were aptly summarized in the trial court’s final judgment as follows:
“This cause came on to be heard upon an ‘Agreed Statement of Facts’ with exhibits attached thereto, filed in Open Court on July 17, 1984 and upon testimony taken at an oral hearing .... While this case has contained various claims and crossclaims, all but one issue had been resolved prior to the hearing.
“Most of the facts have been stipulated and the Court will not set them out in this opinion. The Court does find from the facts submitted to it, that the contract by which the Plaintiff furnished materials [to First Homestead Development, the contractor] for the construction of the house on the property in this action was one contract which originated on or about August 9, 1982, with the delivery of the materials being made on twelve different occasions as such materials were needed.
“The materials were first delivered to the job site on August 23, 1982. It is. undisputed that the Lands were the owners of the property on August 23, 1982 and that the Plaintiff never gave the Lands notice of a lien claim. Thus, it is the opinion of the Court that the Plaintiff does not have a lien on the property for any materials delivered while the Lands still owned the property.
“On August 25, 1982, the Lands conveyed the property to First Homestead Development, Inc. ... [and the deed was recorded the next day in the probate office]. The Lands had previously, on August 3, 1982, entered into an agreement with Michael Moore [who was the president of the contractor] by which the Lands agreed to purchase the property from Moore. On August 3, 1982 the Lands owned the property and the Court interprets this agreement as the Lands’ right to repurchase the property after the house had been constructed on the property. After the conveyance to the contractor on August 25, 1982, the Plaintiff made ten additional deliveries of material to the property. Since at the time the Plaintiff was dealing with the owner of record title to the property, the Court finds that the notice which the Plaintiff sent to the contractor on November 5, 1982 was sufficient notice under the lien statutes. The Court further finds that the lien dates back to August 31, 1982, the date of the first delivery after the contractor became the owner of record title to the property.
“On September 7, 1982, the contractor mortgaged the property to SouthTrust Bank and the mortgage was recorded on September 8,1982. [It was foreclosed on March 6, 1983.] On November 5, 1982, *1155 Defendant Morris took a second mortgage on the property. The second mortgage was foreclosed after default and Defendant Morris redeemed the first mortgage from SouthTrust Bank.
“On December 3, 1982, the Plaintiff filed a verified statement of lien in the Probate Office of Jefferson County, Alabama. This suit was filed on December 8, 1982.
“It is the opinion of the Court that the Plaintiff is entitled to a lien for the full value of the materials delivered to the contractor on and after August 31, 1982. From the evidence submitted to it, the Court finds this amount to be EIGHT THOUSAND ONE HUNDRED THIRTY NINE AND 50/100 DOLLARS ($8,139.50).

“It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
“ONE: The Plaintiff is entitled to a lien on the following described property: .... The lien is in the amount of EIGHT THOUSAND ONE HUNDRED THIRTY NINE AND 50/100 DOLLARS ($8,139.50) plus interest in the amount of ONE THOUSAND TWO HUNDRED NINE AND 55/100 DOLLARS ($1,209.55) for a total lien of NINE THOUSAND THREE HUNDRED FORTY NINE AND 05/100 DOLLARS ($9,349.05).
“TWO: The lien of the Plaintiff is superior to the interest of Defendant Morris which was acquired through the foreclosure and redemption of the mortgages executed on September 7, 1982 and November 5, 1982.” (The facts in brackets were supplied from the agreed statement of facts.)
Mr. Morris has appealed and he and The Swope Company (Swope) have both furnished excellent briefs to this court.
The trial court did not award any lien to Swope for its two deliveries of material which were made before the Lands conveyed the property to First Homestead. A lien was granted only for Swope’s material which was delivered to First Homestead after the Lands deeded the real estate to First Homestead on August 25, 1982. That deed was filed for record in the probate office on August 26, 1982. Constructive notice was thereby provided that First Homestead was the record titleholder of the property. After that date there is nothing definitive in the record that would be contrary to a reasonable inference that Swope dealt directly with the then owner, First Homestead. In effect, Swope became, on August 26, 1982, a materials contractor with First Homestead. Being an original materials contractor as to First Homestead, Swope was not required to give notice to that owner in order to create a lien. § 35-11-218, Code 1975. After August 26, 1982 Swope made ten more deliveries of material to First Homestead, the first being on August 31, 1982 and the last being on September 22, 1982. The materi-alman filed its verified statement well within the six months limitation of Code section 35-11-215, and this civil action was also timely filed. § 35-11-221, Code 1975.
“Our cases hold that when the defendant is the record titleholder of the land at the time the supplier furnishes construction materials, the lien attaches to the improvements and on the land on which the same are situated to the extent of all the right, title, and interest therein of the owner. Code of Ala.1975, § 35-11-210. See, e.g., City Realty & Mortgage Co. v. Tallapoosa Lumber Co., 231 Ala. 238, 164 So. 55 (1935); Wimberly v. Mayberry, 94 Ala. 240, 10 So. 157 (1891).”
John Lee Paint Co. v. Parktowne, Ltd., 367 So.2d 472, 475 (Ala.Civ.App.), cert. denied, 367 So.2d 476 (Ala.1979). First Homestead became the record titleholder of the property. There was no reservation, restriction, right of purchase, or lien contained in the deed of the Lands to First Homestead.
Conveyances which are made after construction has begun are subject to materialmen’s liens, and intervening transfers of property cannot be used to defeat *1156 the statutory rights of materialmen. Shepherd Plumbing & Heating Co. v. Bedford, 273 Ala. 87, 135 So.2d 160 (1961). We also perceive no valid reason why a new enforceable materialman’s lien cannot be created against one who becomes the owner during the construction for materials which are delivered to him after the conveyance of the property to him.
First Homestead’s mortgage to SouthTrust Bank was executed on September 7, 1982 and the Morris second mortgage was not given by First Homestead until November 5, 1982. After First Homestead became the owner of the property, Swope’s next delivery of material was on August 31, 1982 for $4,977.04, and, subsequent to that one, nine additional deliveries were made, with the last material being furnished on September 22, 1982. Since building materials were delivered by Swope between the time that the deed was made to First Homestead and the execution of either of the mortgages, Swope’s material-man’s lien had priority over both of those subsequent mortgages. § 35-11-211, Code 1975.
The above is sufficient to determine those issues which need to be decided and, finding no error in the final judgment of the learned trial court, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.